Milton S. Patrick *et al.*, Plaintiffs in Error, *v.* Henry L. Rucker, County Judge, for the use of William Hurlbert *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A bond given to a county judge, in his official capacity, without a condition, is void.
If an action is brought upon an official bond, taken by the county judge, the condition must be set out, and breaches assigned.

Counts upon an official bond, given to the county judge and his successor in office, cannot be joined with a count upon a bond to that officer, in his individual capacity.

Damages should be assessed upen the breach of an official bond to the county judge, upon the payment of which, the judgment may be discharged.

In bonds given to the county judge and his successor in office, the insertion of the name of the judge is surplusage.

THIS was an action of debt brought to the September term, A. D. 1855, of the Cook county Court of Common Pleas, founded upon an appeal bond filed in the Cook county Court in proceedings of said Nelson C. Roe, as an insolvent debtor. The county judge took said bond in his own name, and brought this action. The declaration was filed on the 31st day of August, 1855, and is as follows:

STATE OF ILLINOIS, }
  COOK COUNTY.  } *ss.*

Henry L. Rucker, County Judge of Cook county, plaintiff in this suit, by Goodrich & Scoville, his attorneys, for the use of William Hurlbert and Lafayette Hurlbert, complains of Nelson C. Roe and Milton S. Patrick, defendants of a plea, that they render unto the said plaintiff the sum of twenty-seven thousand dollars, which they owe to, and unjustly detain from the said plaintiff, for that, whereas, heretofore, to wit: on the first day of December, A. D. eighteen hundred and fifty-four, to wit: at the county aforesaid, the said defendants, by their certain writing obligatory, sealed with the seals of said defendants respectively, and now shown to the court, the date whereof is (a certain day and year therein mentioned), the same day and year last aforesaid, acknowledge themselves to be held and firmly bound unto the said Henry L. Rucker, so being the county judge of Cook county, and his successor in office, by the name and addition of county judge of Cook county, in the penal sum of twenty-two thousand dollars, to be paid to the said Henry L. Rucker, county judge of Cook county aforesaid, and made a certain condition thereunder written, wherein it was declared, that whereas the said Nelson C. Roe, on the seventeenth day of November, A. D. 1854, was brought into court (the County Court of Cook county, meaning), in custody of Cyrus P. Bradley, sheriff of Cook county aforesaid, on a *capias ad satisfaciendum* issued out of the Cook county Court of Common Pleas, under the seal thereof, at the suit of William Hurlbert and Lafayette Hurlbert, and made application to the said court to be discharged from his arrest and imprisonment upon his complying with the provisions of the laws of this State (the State of Illinois, meaning), for the relief of insolvent debtors; and whereas, such proceedings were thereupon had, that the said County Court of Cook county, on the first day of

December, A. D. 1854, did refuse to make an assignee and grant a discharge from such arrest and imprisonment to the said Nelson C. Roe; and whereas, the said Nelson C. Roe had prayed before said court for an appeal to the next term of the Cook county Court of Common Pleas, if the said Nelson C. Roe should appear on the first day of the next term of the said Cook county Court of Common Pleas, to be next thereafter holden in said county, and abide the decision thereof; and also would not sell, or dispose of, or remove, or lessen in value any or all of the estate or property mentioned in the schedule of the said Nelson C. Roe; but the same should be thenceforth coming and subject to the order of the said Cook county Court of Common Pleas, then said obligation should be null and void, otherwise to remain in full force and virtue. And the said plaintiff in fact saith, that the said Nelson C. Roe did not appear on the first day of the then next term of the Cook county Court of Common Pleas, and abide the decision of said court according to the terms and conditions of said writing obligatory, but therein wholly failed and made default. By means whereof, and by force of the statute in such case made and provided, an action hath accrued to the said plaintiff to demand, and have of and from the said defendants, the said sum of twenty-two thousand dollars above demanded. Yet the said defendants, although often requested so to do, have not yet paid the same or any part thereof, but have hitherto wholly neglected and refused, and still do neglect, to pay the same or any part thereof.

And also for that whereas, heretofore, to wit: on the first of December, A. D. eighteen hundred and fifty-four, to wit: at the county of Cook aforesaid, the said defendants, by their certain writing obligatory, sealed with the seal of said defendants respectively, and now shown to the court, the date whereof is (a certain day and year therein mentioned), the same day and year last aforesaid, acknowledged themselves to be held and firmly bound unto the said Henry L. Rucker, judge of Cook county, and his successors in office, in the penal sum of twenty-two thousand dollars, to be paid to the said Henry L. Rucker, county judge of Cook county aforesaid, and under a certain condition thereunder written, wherein it was declared that whereas the said Nelson C. Roe, on the seventeenth day of November, A. D. 1854, was brought into court (the County Court of Cook county, meaning), in custody of Cyrus P. Bradley, sheriff of Cook county aforesaid, on a *capias ad satisfaciendum* issued out of the Cook county Court of Common Pleas, and under the seal thereof, at the suit of William Hurlbert and Lafayette Hurlbert, and under application to the said court to be discharged from his arrest and imprisonment upon his complying

with the provisions of the laws of this State (the State of Illinois, meaning), for the relief of insolvent debtors; and whereas, such proceedings were thereupon had, that the said County Court of Cook county, on the first day of December, 1854, did refuse to make an assignee and grant a discharge from such arrest and imprisonment to the said Nelson C. Roe; and whereas, the said Nelson C. Roe had prayed before said court for an appeal to the then next term of the Cook county Court of Common Pleas, if the said Nelson C. Roe should appear on the first day of the next term of the said Cook county Court of Common Pleas to be next thereafter holden in said county, and abide the decision thereof; and also would not sell or dispose of, or remove or lessen in value, any or all of the estate or property mentioned in the schedule of the said Nelson C. Roe, but the same should be thenceforth coming and subject to the order of the said Cook county Court of Common Pleas, then said obligation should be null and void, otherwise to remain in full force and virtue.

And afterwards, to wit: at the February term of the said Cook county Court of Common Pleas, to wit: on the seventh day of March, 1855, being one of the days of said court, said Nelson C. Roe filed in the said court his affidavit and a prayer for a change of the venue of said proceedings, and appealed case for the causes therein stated, and according to the provisions of the statute in such case made and provided, and thereupon by order of said court duly made, the venue of said cause was ordered and decreed to be changed to the Cook county Circuit Court; and the clerk of said Cook county Court of Common Pleas thereupon duly made out a copy of said order, and a full transcript of the records and proceedings in such case, made and certified the same, and transmitted the same to the said Cook county Circuit Court, together with all the papers filed in said cause and appertaining or forming part of the record therein; and the clerk of said Cook county Circuit Court thereupon filed said papers and docketed said cause according to the form and direction of the statute in such case made and provided; and the said plaintiff in fact saith that the said Nelson C. Roe did not appear on the first day of the then next term of the Cook county Court of Common Pleas, and abide the decision of said court according to the terms and condition of said writing obligatory, but therein wholly failed and made default, by means whereof, and by force of the statute in such case made and provided, an action hath accrued to the said plaintiff, to demand and have of and from the said defendants the said sum of two thousand dollars above demanded; yet the said defendants, although often requested so to do, have not yet paid the same or any part thereof, but have hitherto

wholly neglected and refused, and still do neglect, to pay the same or any part thereof. And also for that whereas heretofore, to wit: on the sixteenth day of November, in the year 1854, to wit: at the county of Cook aforesaid, the said William Hurlbert and Lafayette Hurlbert sued and duly prosecuted out of the Cook county Court of Common Pleas against the said Nelson C. Roe, according to the statute in such case made and provided, a certain writ of the people of the State of Illinois, called a *capias ad satisfaciendum*, directed to the sheriff of the county of Cook aforesaid, by which said writ the people of the State of Illinois commanded the sheriff of said county that he take Nelson C. Roe, defendant, if he should be found in his county, and him safely keep so that he should have his body to satisfy William Hurlbert and Lafayette Hurlbert, plaintiffs, the sum of ten thousand five hundred and seventy-three dollars and forty-five cents, which said plaintiffs (William Hurlbert and Lafayette Hurlbert, meaning), lately, in the Cook county Court of Common Pleas for the said county, at a term thereof, begun and held in the city of Chicago, in said county, on the second Monday of September last past, (September, 1854, meaning), recovered against the said defendant (Nelson C. Roe, meaning), for their debts, and also the further sum of two hundred and eighty-three dollars and seventy cents, which was also adjudged to said plaintiffs (said William and Lafayette Hurlbert, meaning), their damages, and the further sum of eight dollars and five cents for the cost and charges about their suit in that behalf expended, whereof said defendant (Nelson C. Roe, meaning) was convicted, as appears of record, in ninety days from the date thereof; and that he have him and his said writ, with an indorsement thereon, in what manner he had executed the same; which said writ — before the return day thereof, to wit: on the seventeenth day of November, A. D. 1854 — was delivered to Cyrus P. Bradley, who was then and there, or until and after the arrest hereinafter mentioned, sheriff of said county of Cook, in due form of law to be executed, which said writ was under the seal of said court, and duly bears teste on the sixteenth day of November, A. D. 1854, by virtue of which said writ the said sheriff, afterwards and before the return day thereof, to wit: on the seventeenth day of November, A. D. 1854, and within his bailiwick, to wit: at the county of Cook aforesaid, by virtue of said writ, took and arrested the said Nelson C. Roe, by his body, and then and there held and detained him in custody as such sheriff, for the cause aforesaid, and the said Nelson C. Roe being so arrested and in custody of said sheriff as aforesaid, by virtue of said writ, being, as he professed, desirous of releasing himself from such arrest by

delivering up his property according to the provisions of the statute in such case made and provided, the said sheriff, in pursuance of the statute in such case made and provided, and on request of said Nelson C. Roe, conveyed him before the honorable Henry L. Rucker, as such judge of the County Court of Cook county; and the said Henry L. Rucker, he being such judge, as such judge required of the said Nelson C. Roe, so being before said judge, according to the statute in such case made and provided, a full, fair and complete schedule of all his, the said Roe's, estate, real or personal, including money, notes, bonds, bills, obligations and contracts, for money or property of any and every description or kind, name or nature whatsoever, together with a true and perfect account of all the debts which he should or might be owing; and that the said Roe should subscribe such schedule and take the oath by the statute in such case made and provided; and the said Nelson C. Roe, under such requirements, made and presented to said Henry L. Rucker, so being such judge as aforesaid, a certain schedule, in substance as follows: [The schedule is then set out at length.]

And thereupon the said Henry L. Rucker, such judge as aforesaid, proceeded to an examination of said Nelson C. Roe, according to the statute in such case made and provided, and, after a full investigation of and examination of said Nelson C. Roe, it not appearing to said judge that the proceedings of said Roe were fair, just and honest, the said judge of Cook county refused to make an assignee or to grant a discharge of the said Nelson C. Roe from the imprisonment aforesaid, whereupon the said Nelson C. Roe prayed an appeal from the decision of said court, and on that occasion, and thereupon, for the perfecting of said appeal, according to the statute in such case made and provided, to wit: on the first day of December, A. D. 1854, to wit: at the county aforesaid, the said Nelson C. Roe, and the said Milton S. Patrick, as his security, by their certain writing obligatory, commonly called an appeal bond, sealed with the respective seals of the said defendants, and now here shown to the court, acknowledged themselves to be held and firmly bound unto Henry L. Rucker, county judge of Cook county, and his successor in office, in the sum of twenty-two thousand dollars, to be paid to said Henry L. Rucker, county judge of Cook county, with and under a certain condition thereunder written, that if the said Nelson C. Roe should appear on the first day of the next term of the Cook county Court of Common Pleas, to be next thereafter held in said county, (of Cook, meaning,) and abide the decision thereof; and should not sell, or dispose of, or remove, or lessen in value, any or all of the estate or property mentioned in the said schedule of said Nelson C. Roe, but that

the same should be thenceforth coming and subject to the order of the said Cook county Court of Common Pleas, then said obligation should be null and void, otherwise to remain in full force and virtue, as by the said writing obligatory and the condition thereof, reference thereunto being had, will more fully appear, which said bond, being presented by said Roe to said judge of said court, was approved by said court, and said appeal was allowed and perfected, and said proceedings and case taken by such appeal to said Cook county Court of Common Pleas, according to the statute in such case made and provided ; and the said plaintiff avers, that afterwards, to wit : at the February term of the said Cook county Court of Common Pleas, to wit : on the seventh day of March, A. D. 1855, being one of the days of said court, said Nelson C. Roe filed in said court his affidavit, verified, and a prayer for a change of venue of said proceedings, and appeal case for the causes therein set forth, and according to the provisions of the statute in such case made and provided ; and thereupon, by order of said court duly made, the venue of said cause was ordered and directed to be changed to the Circuit Court of Cook county ; and the clerk of said Cook county Court of Common Pleas thereupon duly made out a copy of said order, and a full transcript of the records and proceedings in such case, and certified the same, and transmitted the same to the said Circuit Court of Cook county, together with all the papers filed in said cause and appertaining or forming part of the record therein ; and the clerk of said Circuit Court of Cook county thereupon filed said papers in said court, and docketed the said cause, according to the statute in such case made and provided ; and the said plaintiff avers that the said Nelson C. Roe did dispose of a large quantity of the estate and property in said schedule mentioned, to wit : over-draft and note of John S. Wright, of twelve thousand four hundred dollars ; C. D. Gibson's paper in acceptance, ten thousand dollars ; " amounts due from depositors, five thousand four hundred and forty-seven dollars and eighty-three cents ; Eams, Gray & Co., check and notes, $728.89 ; a judgment against J. G. Greenleaf, about six thousand four hundred dollars ;" " E. K. Bruers' note, five hundred dollars ;" " E. B. Winbolt's note, six hundred dollars ;" W. F. Bartlet's note, seven hundred dollars, and other property in said schedule mentioned ; and that the same was not forthcoming and subject to the order of said Circuit Court of Cook county, to which, as aforesaid, the venue of said case was changed according to the terms and conditions of said writing obligatory. And for assigning a further breach of the said condition of said writing obligatory, according to the form of the statute in such case made and provided, the said plaintiff saith,

that the said Nelson C. Roe did not appear on the first day of the next term of the Circuit Court of Cook county, after the said change of venue, as by the condition of said writing obligatory, and the law in such case made a provided, he was bound to do. And for assigning a further breach of the said condition of said writing obligatory, the said plaintiff, according to the form of the statute in such case made and provided, saith that a large amount and quantity of the property in said schedule mentioned, to wit : the property last aforesaid named and described, was not forthcoming, and subject to the order of said Circuit Court of Cook county, according to the condition of said writing obligatory, by reason of which said breaches the said writing obligatory became forfeited, and thereby an action hath accrued to the said plaintiff, to demand and have of and from the said defendants the said sum of twenty-two thousand dollars above demanded; yet the said defendants, although often requested so to do, have not as yet paid the sum of money above demanded, or any part thereof, to the said plaintiff, according to the said writing obligatory and condition ; but to pay the same have hitherto wholly refused, and still do refuse.

The fourth count is set out in the opinion of the court, and is therefore omitted.

And also for that, whereas heretofore, to wit : on the sixteenth day of November, in the year eighteen hundred and fifty-four, to wit: at the county of Cook aforesaid, the said William Hurlbert and Lafayette Hurlbert sued and duly prosecuted, out of the Cook county Court of Common Pleas, against the said Nelson C. Roe, according to the statute in such case made and provided, a certain writ of the people of the State of Illinois, called a *capias ad satisfaciendum,* directed to the sheriff of the county of Cook, aforesaid, by which said writ the people of the State of Illinois commanded the sheriff of said county that he take Nelson C. Roe, defendant, if he should be found in his county, and him safely keep, so that he should have his body to satisfy William Hurlbert and Lafayette Hurlbert, plaintiffs, the sum of ten thousand five hundred and seventy-three dollars and forty-five cents, which said plaintiffs (William Hurlbert and Lafayette Hurlbert, meaning,) lately in the Cook county Court of Common Pleas for the said county, at a term thereof, begun and held in the city of Chicago, in said county, on the second Monday of September last past, (September, 1854, meaning,) recovered against the said defendant, (Nelson C. Roe, meaning,) for their debt, and also the further sum of two hundred and eighty-three dollars and seventy cents, which was also adjudged to said plaintiffs, (said William and Lafayette Hurlbert, meaning,) for their damages, and the further sum of

eight dollars and five cents, for their costs and charges about their suit in that behalf expended, whereof said defendant, (Nelson C. Roe, meaning,) was convicted, as appears of record, in ninety days from the date thereof, and that he have then and there said writ, with an indorsement thereon, in what manner he had executed the same, which said writ, before the return day thereof, to wit: on the seventeenth day of November, A. D. 1854, was delivered to Cyrus P. Bradley, who was then and there, and until and after the arrest hereinafter mentioned, sheriff of said county of Cook, in due form of law, to be executed, which said writ was under the seal of said court, and duly bore teste on the sixteenth day of November, A. D. 1854, by virtue of which said writ, the said sheriff afterwards, and before the return day thereof, to wit: on the seventeenth day of November, A. D. 1854, and within his bailiwick, to wit: at the county of Cook, aforesaid, by virtue of said writ, took and arrested the said Nelson C. Roe, by his body, and then and there held and detained him in custody, as such sheriff, for the cause aforesaid; and the said Nelson C. Roe, being so arrested, and in custody of said sheriff, as aforesaid, by virtue of said writ, being, as he professed, desirous of releasing himself from such arrest, by delivering up his property, according to the provisions of the statute in such case made and provided, the said sheriff, in pursuance of the statute in such case made and provided, and on request of said Nelson C. Roe, conveyed him before the Honorable Henry L. Rucker, as such judge of the County Court of Cook county, and the said Henry L. Rucker, then being such judge, required of the said Nelson C. Roe, so being before him, said judge, according to the statute in such case made and provided, a full, fair and complete schedule of all his, the said Roe's, estate, real or personal, including money, notes, bonds, bills, obligations and contracts, for money or property of any and every description, or kind, name or nature whatever, together with a true and perfect account of all the debts which he should or might be owing, and that the said Roe should subscribe such schedule, and take the oath by the statute in such case made and provided. And the said Nelson C. Roe, under such requisition, thereupon made and presented to said Henry L. Rucker, so being such judge, as aforesaid, a certain schedule, in substance as follows. [The schedule, set out verbatim in the count, is here omitted.]

And thereupon the said Henry L. Rucker, such judge as aforesaid, proceeded to an examination of said Nelson C. Roe, according to the statute in such case made and provided, and, after a full investigation and fair examination of said Nelson C. Roe and the witnesses, it not appearing to the said judge that

the proceedings of said Roe were fair, just and honest, the said county judge of Cook county refused to make an assignee or to grant a discharge of said Nelson C. Roe from the imprisonment aforesaid, whereupon the said Nelson C. Roe prayed an appeal from the decision of said court, and on that occasion, and thereupon, for the perfecting of said appeal according to the statute in such case made and provided, to wit: on the first day of December, A. D. 1854, to wit: at the county aforesaid, the said Nelson C. Roe and the said Milton S. Patrick, as surety, by their certain writing obligatory, commonly called an appeal bond, sealed with their seals, respectively, and now here shown to the court, acknowledged themselves to be held and firmly bound unto the said Henry L. Rucker, county judge of Cook county, and his successors in office, in the sum of twenty-two thousand dollars, to be paid to the said Henry L. Rucker, or his successors in office, with and under a certain condition thereunder written, that if the said Nelson C. Roe should appear on the first day of the next term of the Cook county Court of Common Pleas, to be next thereafter held in said county, and abide the decision thereof; and also, should not sell, or dispose of, or remove, or lessen in value, any or all of the estate or property mentioned in the schedule of said Nelson C. Roe, but that the same should be thenceforth coming and subject to the order of the said Cook county Court of Common Pleas, then the said obligation should be null and void, otherwise to remain in full force and virtue, as by the said writing obligatory and the condition thereof, reference being thereto had, will more fully appear; which said bond was approved by said judge, and said appeal allowed and taken to the said Cook county Court of Common Pleas, according to the statute in such case made and provided. And the plaintiff avers that afterwards, to wit: at the February term of the Cook county Court of Common Pleas, to wit: on the seventh day of March, 1855, being one of the days of said court, said Nelson C. Roe filed in said court his petition and his affidavit according to the statute in such case made and provided, praying a change of venue in said cause, and thereupon such proceedings were had by said Cook county Court of Common Pleas, that the venue of said cause was duly changed to the Cook county Circuit Court, and afterwards, and while said cause was pending in said Circuit Court, and at a special term of said Circuit Court, to wit: on the 22nd day of June, 1855, being one of the days of said court, said cause was duly called for trial, and said Nelson C. Roe being duly called, came not, nor any one for him, but made default therein, and thereupon afterwards, to wit: on the 28th day of June, 1855, being one of the days of said court, said appeal was, by order

of said court, dismissed, by reason whereof an action hath accrued to the said plaintiff, to demand and have of and from said defendants, the said sum of twenty-two thousand dollars. Yet the said defendants, although often requested so to do, have not as yet paid the said sum of money, or any part thereof, but to pay the same have hitherto wholly refused, and still do refuse, to the damage of the said plaintiff, of twenty-seven thousand dollars, and therefore he brings his suit.

### BOND.

KNOW ALL MEN BY THESE PRESENTS, That we, Nelson C. Roe and Milton S. Patrick, of the County of Cook, and State of Illinois, are held and firmly bound unto Henry L. Rucker, county judge of Cook county, and his successor in office, in the penal sum of twenty-two thousand dollars, and for the payment whereof, well and truly to be made, we do hereby bind ourselves, our heirs, executors and administrators, jointly, severally and firmly, by these presents, as witness our hands and seals, this first day of December, A. D. 1854.

The condition of the above obligation is such, that, whereas the said Nelson C. Roe, on the seventeenth day of November, A. D. 1854, was brought into court in custody of Cyrus P. Bradley, sheriff of Cook county, on a *capias ad satisfaciendum*, issued out of the Cook county Court of Common Pleas, at the suit of William Hurlbert and Lafayette Hurlbert, and made application to the court to be discharged from his arrest and imprisonment, upon his complying with the provisions of the laws of this State for the relief of insolvent debtors; and whereas such proceedings were thereupon had that the said County Court of Cook county, on the first day of December, A. D. 1854, did refuse to make an assignee and grant a discharge from such arrest and imprisonment to the said applicant; and whereas the said Nelson C. Roe has thereupon prayed before said court for an appeal to the next term of the Cook county Court of Common Pleas; now, therefore, if the said Nelson C. Roe shall appear on the first day of the next term of the said Cook county Court of Common Pleas, to be next hereafter held in said county, and abide the decision thereof; and also will not sell, or dispose of, or remove, or lessen in value, any or all of the estate or property mentioned in the schedule of the said applicant, but that the same shall be then forthcoming, and subject to the order of the said Cook county Court of Common Pleas, then this obligation to be null and void; otherwise to remain in full force and virtue.

(Signed)                    NELSON C. ROE.    [SEAL.]
                           M. S. PATRICK.    [SEAL.]

To this declaration there was a demurrer.

At February term, A. D. 1857, of said court, the said demurrer was overruled, and a rule entered requiring the defendants to plead *instanter*. The defendants did not plead, and their default was entered. Whereupon the court, without any assessment of damages, ordered judgments against the defendants below for twenty-two thousand dollars, debt; and the plaintiff remitted nine thousand six hundred and twenty-three dollars; and for the balance, as debt, execution was issued, with no

damages. The overruling said demurrer, and the entry of said judgments in manner and form aforesaid, without assessment of damages, are assigned as error.

VAN H. HIGGINS, and SCATES, MCALLISTER & JEWETT, for Plaintiffs in Error.

G. GOODRICH, for Defendant in Error.

CATON, C. J. This was an action of debt. The declaration contains five counts, the three first and last of which are upon bonds, with appropriate conditions, given to the judge of the Cook County Court, by an insolvent and his surety, upon his assignment before that court, under our insolvent law, with appropriate assignments of breaches. The fourth count is upon the penal part of a bond, in the same terms as the penal parts of the bonds counted upon in the other counts, but does not recite any condition, and of course there are no breaches assigned. That count is as follows:

"And also, for that, whereas, the said defendants heretofore, to wit: on the first day of December, A. D. 1854, to wit: at the county of Cook aforesaid, by their certain writing obligatory, sealed with their respective seals, and now here shown to the court, acknowledged themselves held and firmly bound to the plaintiff, Henry L. Rucker, judge of Cook county, and his successors in office, in the penal sum of twenty-two thousand dollars, to be paid to said plaintiff; yet the said defendants, although often requested so to do, have not, as yet, paid the said sum of twenty-two thousand dollars, or any part thereof, to said plaintiff; but so to do have hitherto wholly neglected and refused, and still do neglect and refuse, so to do."

To this declaration the defendants demurred. The demurrer was overruled by the court, and the defendants declining to plead over, a judgment was entered upon the demurrer in favor of the plaintiff, for twenty-two thousand dollars, the debt mentioned in the penal part of the bond. The plaintiff remitted $9,623, and an execution was awarded for the balance. No damages were assessed on those counts which recite conditions and assign breaches.

The court erred in overruling this demurrer. If the bond counted on in the third count was an official bond given to the county judge in his official capacity, it was void unless it had a condition; for he could take no official bond except by authority of our statute, and that authorized him to take none but a bond with a condition. If, then, the bond had a condition, the statute made it imperative on the plaintiff to set out the condition in

his declaration, and assign breaches; and for that reason, the third count, which was the only one upon which judgment could be rendered without assessing damages, was bad. But assuming, as it has been argued in support of this judgment, that the third count was upon a simple bond given to Henry L. Rucker, in his individual capacity, and that the addition of his office is a mere description of the person, and may be treated as surplusage, then the declaration was bad for a misjoinder of counts. The other counts being upon official bonds, given to the county judge and his successor in office, the name of Henry L. Rucker, in the bonds and counts, is surplusage, and must be so treated. Those counts are therefore to be considered as if the personal name of the judge was not there, and only the official designation of the officer used as plaintiff. With such counts a count upon an individual debt, due to the judge personally, could not be joined. But the obligation on which the fourth count is based, shows on its face that it was not a bond for the payment of the sum of money absolutely, for it is stated to be a penal sum; which shows that some condition was attached to it by the breach of which the penal sum might be forfeited. This condition was required by our statute to be set out in the declaration, and the breach of it assigned. For that reason the fourth count was bad, and no judgment could properly be rendered upon it. The judgment cannot be sustained upon the other counts, for the reason that there was no damages assessed upon the breaches assigned therein, by the payment of which the judgment for the debt should be discharged.

The judgment of the court below must be reversed and the cause remanded, and a repleader allowed.

*Judgment reversed.*