FREDERICK J. LANGE ET AL.

v.

HENRY SOFFELL.

*Highways—Taxes—Illegal Levy—Refunding of—Suit to Recover—Parties.*

1. Highway commissioners are a *quasi* corporation, and suit by or against them should be brought in their official and not their individual names.

2. A payment of money is not to be regarded as compulsory unless made to relieve the person or property in question from the actual and existing duress imposed by the party to whom the money is paid.

3. In an action brought to recover in full an amount paid under an illegal levy of taxes for the purpose of establishing a road, the fact being that subsequent to the declaration of illegality by the Supreme Court a resolution was adopted at a regular town meeting to refund said levy less a percentage for expenses, this court holds that the plaintiff is entitled to the refunding of the same only under said resolution and in conformity with the terms thereof.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. VALLETTE & GRIFFIN, for appellants.

Messrs. E. H. & N. E. GARY, for appellee.

MORAN, J.    This action was commenced before a justice of the peace to recover back $19.45, paid by appellee in discharge of a tax upon his land levied by the town of Proviso, for the building of a hard road.    The Supreme Court held the levy illegal, and at the annual town meeting thereafter, a resolution was passed directing the commissioners of highways and their treasurer, to refund to the persons who paid the tax, *pro rata*, according to the several sums paid by them, on said persons producing satisfactory evidence of their payment of

Lange v. Soffell.

said tax, so much of the fund collected for the improvement as remained in the hands of the treasurer of the commissioners of highways, after deducting the cost expended in levying and collecting said tax, and the expenses of litigation therefrom.. This left about eighty per cent of the tax paid to be refunded to the taxpayers, and the commissioners of highways offered to refund to appellee eighty per cent of the tax paid by him, but he refused to receive it and brought this action. The suit before the justice was against the highway commissioners individually, but when it came up for trial in the Superior Court, an amendment was made making the board of highway commissioners also defendants, and upon the trial, which was by the court, the jury being waived, there was a finding and judgment against all the defendants, an l an execution was awarded against all. This was error. There was no proof whatever, introduced, which showed any claim by appellee against the individuals who were highway commissioners.

If appellee had any action at all it was against the highway commissioners of the town. Highway commissioners are a *quasi* corporation, and suit by or against them should be brought in their official and not in their individual names: Town of Rutland v. Town of Dayton, 60 Ill. 58. No execution should have been awarded against the highway commissioners, they being a municipal corporation. Village of Kansas v. Juntgen, 84 Ill. 360, and cases there cited.

But aside from these technical grounds we are of opinion that appellee was not entitled to recover on the proof made. The levy is admitted to have been void. Appellee paid the tax levied on his land voluntarily. He was under no compulsion or duress. A sale of his land on a judgment rendered on a void levy would have passed no title. The payment of the land tax, $18.71, was made to the county collector, and so far as appears he had no warrant authorizing a levy on personal property for said tax. It is invariably held that a payment is not to be regarded as compulsory unless made to relieve the person or property from the actual and existing duress imposed upon him by the party to whom the money is

paid.   Elston v. Chicago, 40 Ill. 514; Swanston v. Ijams, 63
Ill. 165.   Appellee's only right to recover this land tax is
based on the resolution passed at the town meeting, and under
such resolution he is undoubtedly entitled to his *pro rata*, and
upon complying with the terms of said resolution, if the high-
way commissioners refuse to pay him he may maintain his
action.   The judgment must be reversed and the case
remanded.

*Reversed and remanded.*