VOL. 60.]   Bd. of Directors Chicago Public Library v. Arnold.

We do not regard the writing of appellant "in full of all demands to date" and "in full of account to date" as sufficient to unmistakably inform appellee that the check was sent conditionally, and if accepted must be taken in full satisfaction; it was rather a statement that he, appellant, claimed that it covered the entire amount he owed.

The verdict and judgment of the Circuit Court is therefore affirmed.

--------

The Board of Directors of the Chicago Public Library, E. G. Hirsch, E. S. Dreyer, B. Moos, J. G. Shortall, P. B. Smith, John M. Smyth, Z. P. Brosseau, William Kaspar, T. C. Diener, as Directors of the Chicago Public Library, and the City of Chicago, v. James Arnold, surviving partner of the firm of Moss & Arnold.

1. CORPORATIONS—*Must Appear by Their Corporate Names.*—The Board of Directors of the Chicago Public Library is a *quasi* corporation, and in legal proceedings should appear by its corporate name.

2. PARTIES—*Individual Members of a Board.*—The joining the individual members of the Board of Directors of the Chicago Public Library as parties defendant, is a matter of surplusage.

3. CITY OF CHICAGO—*Liability upon a Contract of the Board of Directors of the Public Library.*—The city of Chicago is not liable in an action of assumpsit upon a contract of the Board of Directors of the Public Library for work done and to be paid for out of a special fund which can be drawn only upon vouchers of the board.

4. CHICAGO PUBLIC LIBRARY—*A Department of the City.*—The Board of Directors of the Chicago Public Library is a department of the city, a *quasi* corporation, with power to draw vouchers upon a special fund in the city treasury. Assumpsit will not lie against it on its contracts. The remedy is by mandamus.

5. JUDGMENT—*Against Several Defendants, Wrong as to One—Reversal.*—In an action at law against several defendants the judgment is a unit as to all defendants. If it is wrong as to one it must be reversed as to all.

Assumpsit, on a contract of the Board of Directors of the Chicago Public Library. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the October term, 1895. Reversed. Opinion filed October 17, 1895.

Peck, Miller & Starr, attorneys for appellants.

M. Salomon, attorney for appellee.

Mr. Presiding Justice Gary delivered the opinion of the Court.

Chapter 81 of the Revised Statutes empowers cities to establish and maintain public libraries.

Section 1 provides for a special tax; section 2 for the appointment of a board of nine directors, and section 5 defines the powers of the board and duty of the city as follows:

" Sec. 5. Said directors shall, immediately after appointment, meet and organize by election of one of their number president, and by the election of such other officers as they may deem necessary. They shall make and adopt such by-laws, rules and regulations for their own guidance and for the government of the library and reading room as may be expedient, not inconsistent with this act. They shall have the exclusive control of the expenditure of all moneys collected to the credit of the library fund, and of the construction of any library building, and of the supervision, care and custody of the grounds, rooms or buildings constructed, leased or set apart for that purpose: Provided, that all moneys received for such library shall be deposited in the treasury of said city to the credit of the library fund, and shall be kept separate and apart from other moneys of such city, and drawn upon by the proper officers of said city, upon the properly authenticated vouchers of the library board. Said board shall have power to purchase or lease grounds; to occupy, lease or erect an appropriate building or buildings for the use of said library; shall have power to appoint a suitable librarian and necessary assistants and fix their compensation, and shall also have power to remove such appointees; and shall, in general, carry out the spirit

**330**     APPELLATE COURTS OF ILLINOIS.

VOL. 60.] Bd. of Directors Chicago Public Library v. Arnold.

and intent of this act, in establishing and maintaining a public library and reading room."

Under this statutory authority the board of directors of the Chicago Public Library let a contract to the firm of Moss & Arnold to put in the foundation for a library building of magnificent proportions, for the sum of one hundred and fifty-nine thousand dollars, to be paid " by warrants upon the treasurer of the city of Chicago, drawn and to be paid as soon as practicable according to the ordinary routine of such business."

The firm did the work, claimed that they did a large amount of extra work, and sued the appellants for an unpaid part, as they claimed, of the contract price due them, and the value of the extra work.

The only question we propose to consider is, whether this action can be maintained, if the firm were entitled to all that they claimed.

First: The joining the individual members of the board as defendants was at least surplusage. Lange v. Soffell, 33 Ill. App. 624; Manlove v. McHatton, 4 Scam. 95; Patrick v. Rucker, 19 Ill. 428.

The board is a *quasi* corporation, and therefore in legal proceedings should appear only by its corporate name. Town of Rutland v. Town of Dayton, 60 Ill. 58; 1 Dillon on Municipal Corporations, Sec. 25 *et seq.*

Second: As the work was to be paid for out of a special fund, which could be drawn only upon vouchers of the board, the city is not liable to suit upon the contract of the board. Crane v. City of Urbana, 2 Ill. App. 559; Swift v. New York, 17 Hun 518.

The judgment against the city being wrong, it is our duty to reverse it, because, being a unit, if it is wrong as to one, it must be reversed as to all. Reese v. City of Chicago, 38 Ill. 322; Jansen v. Varnum, 89 Ill. 100.

But if the action can be maintained against the board, the cause should be remanded, that the plaintiff might amend. Matson v. Swanson, 131 Ill. 255.

Now the board has no property or funds; it is only a de-

partment of the city—by construction a *quasi* corporation—having, among its powers, the power to draw vouchers upon a special fund in the city treasury. As it never can have anything with which to pay a judgment, assumpsit will not lie against it.

The only remedy of the surviving appellee is by mandamus. Swift v. New York, 83 N. Y. 528. (This case reverses 17 Hun, but not upon the point for which we cited it; that point is approved.)

To review, on this record, the evidence and instructions, would be time and space wasted.

The judgment is reversed without remanding.