JOHN N. FLAGG *vs.* EDWARD S. BRADFORD.

Worcester.   September 30, 1901. — May 20, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Metropolitan Water Supply Act.   Commonwealth.   Trust.*

The metropolitan water supply act, St. 1895, c. 488, does not create a trust in favor of landowners who become entitled to damages thereunder, but merely provides a fund out of which it directs the treasurer of the Commonwealth as a public officer and agent of the Commonwealth to make payments when amounts have been certified to him by the water board as due.   Therefore a suit against the treasurer for such a sum must be treated as a suit against the Commonwealth.

There is no provision of law authorizing a suit to be brought against the Commonwealth in Worcester County for a sum of money certified by the metropolitan water board to be due for land in that county taken under St. 1895, c. 488, and conveyed by the plaintiff to the Commonwealth.

CONTRACT against the treasurer of the Commonwealth for $5,200 certified by the metropolitan water board to be due to the plaintiff for real estate in Boylston in the county of Worcester taken under St. 1895, c. 488, and conveyed by the plaintiff to the Commonwealth.   Writ in the Superior Court in the county of Worcester dated March 7, 1901.

The Superior Court on motion of the Attorney General dismissed the action; and the plaintiff appealed.

*H. Parker & H. H. Fuller*, for the plaintiff.

*J. M. Hallowell*, Assistant Attorney General, for the defendant.

MORTON, J.   This is an action to recover of the defendant as he is treasurer and receiver general of the Commonwealth a sum of money which has been certified to him by the metropolitan water board to be paid the plaintiff for land taken under St. 1895, c. 488.   The action was brought in the Superior Court for Worcester County and a jury trial was claimed by the plaintiff.   There was a motion to dismiss on the ground that the Superior Court for Worcester County had no jurisdiction of the case.   This motion was granted, and the plaintiff duly excepted to, and appealed therefrom, and thereupon the judge of the Su-

perior Court by consent of the parties reported the case to the full court for its consideration and determination.

The action is in substance and effect, we think, an action against the Commonwealth. The liability is a liability of the Commonwealth arising out of the taking of land by the metropolitan water board for the purpose of a metropolitan water supply, and any judgment that might be rendered would be payable out of the proceeds of the bonds which the treasurer and receiver general is authorized to issue from time to time in the name and on behalf of the Commonwealth, on the request of the water board for the payment of the land taken and the damages and expenses incurred in the construction of the works. Although nominally against the defendant it seems to us plain that the action is really against the Commonwealth. See *Smith* v. *Reeves*, 178 U. S. 436. The statute does not create a trust in favor of landowners who become entitled to damages but merely provides a fund out of which it directs the defendant as a public officer and agent of the Commonwealth to make payment in such cases when the amounts due have been certified to him by the water board. The case of *Nash* v. *Commonwealth*, 174 Mass. 335, is not applicable.

The next question is whether there is any provision under which the Commonwealth can be sued in the courts of Worcester County for the sum certified to be due to the plaintiff. Our attention has not been called to any such provision. The statute under which the land was taken provides for the filing of petitions for the assessment of land damages in the county where the land taken is situated, but makes no provision in terms at least for the bringing of actions against the Commonwealth in cases like the present in that county. St. 1895, c. 488, §§ 13, 14. The provisions of § 28 on which the plaintiff relies were manifestly inserted *alio intuitu*, and do not authorize proceedings against the Commonwealth. The only statutes relating to the bringing of actions against the Commonwealth at the date of the writ in this case were Pub. Sts. c. 195 and St. 1887, c. 246. These have since been consolidated in R. L. c. 201, and they provide that suits against the Commonwealth can be brought in the county of Suffolk and do not provide that such suits can be brought in any other county. The Commonwealth can be

impleaded in its own courts only on such terms and in such manner as it chooses to enact. It follows that the motion to dismiss was rightly granted and that the order dismissing the action should be affirmed.

*So ordered.*