W. W. REED v. P. O. HEGLIE, JOHN HOLTHUSON, THEODORE LAR-
SON,/ C. G. SELEVEIT, K. N. MYHRE, J. W. McPHAIL, S. T.
COLE, D. A. CROSS, AND S. W. BALE, AS TRI-COUNTY
DRAIN COMMISSIONERS OF RICHLAND, SARGENT
AND RANSOM COUNTIES.

Opinion filed February 8, 1910.

**Drains—Mandamus—Drain Commissioners—Action on Contract.**

1. The board of "drain commissioners" of any county in this state
is a department of said county, with power to draw warrants upon a
special fund in the county treasury. An action will not lie against it
on its contract. The remedy in the courts is by mandamus.

**Same—Contracts of Two or More Counties—Mandamus.**

2. This rule applies to the board of drain commissioners of two or
more counties, when acting together for the laying out and construct-
ing of a drain through two or more counties.

**Drains—Action Against Drain Commissioners—Pleading.**

3. The complaint must show the representative character in which
the defendant is sued.

**Drains—Drain Commissioners—Allowance for Claims.**

4. The proper disposition of a bill presented to a board of drain
commissioners is to audit it and, if allowed, issue a warrant on the
proper drain fund in payment of such bill.

**Drains—Drain Commissioners—Action for Service.**

5. The demurrer in this case was properly sustained.

Appeal from District Court, Ransom county; *Allen,* J.

Action by W. W. Reed against P. O. Heglie and others, Tri-
County Drain Commissioners of Richland, Sargent, and Ransom
Counties. From a judgment sustaining a demurrer to the com-
plaint, plaintiff appeals.

Affirmed.

*W. W. Reed,* (*S. D. Adams of counsel*), for appellant.

*Ink & Wallace, A. M. Kvello,* and *E. W. Bowen,* for respondents.

CARMODY, J. This is an action brought by plaintiff against the
defendants as Tri-County Drain Commissioners of Richland, Sar-
gent and Ransom counties, to recover for services claimed to have
been rendered said board. The complaint, as far as material here,
is as follows: "(1) That the defendant board is indebted to the

plaintiff in the sum of $14, as an unpaid balance due for work, labor and services rendered by plaintiff to defendant and at its request, as an engineer on that portion of Long Drain No. 1 which lies in Sargent county, North Dakota; (2) that the said amount became due and payable on the 12th day of June, 1907; that the bill for the same was presented on said 12 th day of June, 1907; that the same was not paid nor has it since been paid"—to which complaint the defendant interposed the following demurrer: "Come now the defendants in the above-entitled action and demur to the complaint of the plaintiff upon the grounds and for the following reasons, to-wit: (1) That there is a defect of parties defendant. (2) That the complaint does not state facts sufficient to constitute a cause of action. (3) That the court has no jurisdiction of the persons of the defendants"—which demurrer was sustained by the district court. From the order sustaining the demurrer, the plaintiff appeals to this court. The principal point discussed by the attorneys is as to whether the drain commissioners can be sued in an action of this kind.

The board of county commissioners of any organized county in this state is authorized to appoint, on the petition of any person interested, three freeholders of the county as a board of drain commissioners of such county. Any person appointed as a member of the board of drain commissioners shall, within ten days after his appointment, qualify by filing an oath of office and a bond in the office of county auditor. Upon petition, the board of drain commissioners is authorized to lay out and construct a drain and cause a survey of the line thereof to be made by a competent surveyor. The drains laid out are named and numbered. The lands benefited by the constrution of each drain are assessed for the cost thereof, including all expenses connected therewith. The drain taxes so assessed shall be collected by the county treasurer, and all moneys so collected shall be credited to the drain fund to which they belong, and the county treasurer shall be the treasurer of such drain funds. Payment of all expenses and costs of locating and constructing any drain shall be made by the board of drain commissioners, issuing warrants in such amounts and to such persons as by such board may be found due. The boards of drain commissioners of two or more counties in this state are authorized to construct or extend a drain through or into two or more counties in this state and to

construct and maintain the same, on petition presented to the several boards of drain commissioners in each of such counties for the establishing of such drain in their several counties. The several boards of drain commissioners may apportion the cost of establishing and constructing such entire drain ratably and equitably upon the lands in each county in proportion to the benefits to accrue to such lands, and file reports of such apportionment with the auditors of the several counties affected, which reports shall show the portion of cost of such entire drain to be paid by tax upon the lands of each such counties, and such reports shall be signed by the boards of drain commissioners of all counties affected. Upon the filing of such reports, the several boards of drain commissioners shall assess against the lands in each of such counties, ratably and equitably as provided by law, an amount sufficient to pay the proportion of cost of such drain in each of such counties so fixed by all said commissioners.

The demurrer was properly sustained. There is no provision of law anywhere that either expressly or by implication recognizes the defendants sued in this case as a body capable of being sued in such an action as the one at bar. Board of Directors of the Chicago Public Library v. Arnold, 60 Ill. App. 328; Raisch v. Board of Education of the City and County of San Francisco, 81 Cal. 542, 22 Pac. 890; Swift v. the Mayor, Aldermen, and Commonalty of the City of New York and the Police Department of said city, 83 N. Y. 528; Drake v. Board of Trustees of the Normal School at Oskaloosa, 11 Iowa 54. In the case of Board of Directors of the Chicago Public Library v. Arnold, supra, which was an action upon a contract for work done, the court said: "Now the board has no property or funds; it is only a department of the city—by construction a quasi corporation—having, among its powers, the power to draw vouchers upon a special fund in the city treasury. As it never can have anything with which to pay a judgment, assumpsit will not lie against it. The only remedy of the surviving appellee is by mandamus." In the case at bar the board of drain commissioners can never have anything with which to pay a judgment. It can only issue warrants on a special fund in the county treasury, derived by means of a special assessment against the lands benefited by the construction of each particular drain, under the provision of this chapter. The remedy by appellant in the courts is by mandamus.

See Osborn v. Selectmen of Lenox, 2 Allen (Mass) 207; 19 Am. & Eng. Ency. of Law (2nd Ed.) 795, and cases there cited.

There are other reasons why the demurrer in this action was properly sustained. It appears from the title of the action that the defendants the Tri-County Drain Commissioners, are sued in their representative capacity. There is no averment in the complaint showing the character in which they are sued, or even showing that the members of the different boards are or were the duly appointed, acting, and qualified drain commissioners of the three counties, or of any of them. The representative character of a party sued must be stated in the body of the complaint. Bliss on Code Pleading (2nd Ed.) 148. Where a party is sued in a representative capacity, the complaint should by distinct allegation show the character in which the defendant is sued. 4 Ency. of Pl. & Pr. 595.

It is alleged in the complaint that the amount therein claimed is due for work, labor and services rendered as an engineer on that portion of Long Drain No. 1 which lies in Sargent county. There is no allegation in the complaint that there was any such drain laid out or constructed. Neither does the complaint show that the defendants refused to audit or allow the amount of the bill claimed by plaintiff. The complaint alleges that the bill was presented on the 12th day of June, 1907, and that the same was not paid. The only proper disposition of the bill by the defendants, if it was properly before them, was to audit it, and, if allowed, to issue a warrant in payment of the same, payable from the proper drain fund, if there was any such fund.

The order appealed from is affirmed.. All concur.