JOHN W. TUTHILL LUMBER COMPANY, Respondent, v. McMACKIN et al., Appellants.

(141 N. W. 382.)

1.  Drains—Materialmen—Right to Lien—Construction of "Apply and Include."

Under Code Civ. Proc., Sec. 713, providing for a sub-contractor's lien on money controlled by county and due under the original contract for drain construction, and Sec. 721, declaring what the article, of which that section is a part, shall embrace as to work and material done or furnished to a contractor, and specifically embracing contracts made before that section was enacted, held, that the words "apply to and include," in section 721, are not words of

restriction, but were inserted to bring sub-contracts, whether made prior or subsequently to the enactment of that section, within the act and to provide a lien under original contracts made prior thereto, and did not affect its application to subsequent transactions. (Reversing this case in 30 S. D. 336.)

**2.  Drains—Materialmen—Right to Lien—"County Work."**

Under Const., Art. 21, Sec. 6, making drainage public work to be performed under authority of county commissioners, the county is the legal entity in performance of the work, which is county work within Section 721, Code Civ. Proc., providing sub-contractors' liens for materials furnished for such work.

McCoy and Whiting, J. J., dissenting.

(Opinion filed May 10, 1013.)

On rehearing. Rehearing granted. Order overruling demurrer sustained. For former opinion, see 30 S. D. 336.

*E. H. Wilson,* and *M. A. Butterfield,* for Appellant.

The word "include" in sec. 721, C. C. P., does not operate to embrace the case at bar. Nehr v. McCook County, 11 S. D. 422. Standard Dictionary.

The board of county commissioners, not the county, constructs the ditch. Secs. 5 and 6, chap. 102, Laws 1909, amending chap. 134, Laws 1907.

*Aikens & Judge,* for Respondent.

The rule of liberal construction of mechanics lien statutes has always prevailed in this state. Relewitch v. Harrington, 20 S. D. 375; Pinkerton v. LeBeau, 3 S. D. 440-446; Section 2472 Civil Code.

If section 721 should be held to refer to all the contracts under which a lien might be had, it would deprive section 713 of practically all of its meaning.

The evident intention of the legislature in adding Sec. 721 was to provide that the act should in certain respects be retrospective. The word "include" is defined as "to comprise as a part." Century Dictionary and Cyclopaedia. Vol. 4, Words and Phrases, "Include." In re Costs, 75 N. Y. Supp. 751. The words "apply to" bear out our contention. Century Dictionary.

GATES, J. This cause is before us upon rehearing. The former opinion of this court is found in 30 S. D. 336, 138 N. W. 959, to which reference is made for a statement of the questions involved and copies of the statutes referred to.

The former majority opinion proceeded upon the theory of strict construction as to matters of substantive law contained in article 2 of chapter 31 of the Code of Civil Procedure, being sections 713 to 721, inclusive; but, as to matters of procedure, the rule of liberal construction was followed. The act was originally passed in 1895. Upon the revision of the Codes, a part of this article should, under scientific arrangement, have been placed in the Civil Code and the remainder, as it is, in the Code of Civil Procedure; but, whether placed in the Civil Code or in the Code of Civil Procedure, there is no difference in the rule of construction. Section 3 of the Code of Civil Procedure is as follows: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. The Code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice." Section 2472 of the Civil Code is in precisely the same language. Upon further reflection we believe that the interpretation given to sections 713 and 721 does violence to the plain provisions of these sections and is contrary to the rule of liberal construction heretofore followed by this court in the cases of Rolewitch v. Harrington, 20 S. D. 375, 107 N. W. 207, 6 L. R. A. (N. S.) 550; Kehoe v. Hansen, 8 S. D. 198, 65 N. W. 1075; 59 Am. St. Rep. 759; Hill v. Alliance Building Co., 6 S. D. 160; 60 N. W. 752, 55 Am. St. Rep. 819; Pinkerton v. Le Beau, 3 S. D. 440, 54 N. W. 97; Bruce-Edgerton Co. v. Masonic Bldg. Ass'n, 24 S. D. 65, 123 N. W. 263.

[1]   It will be noticed that section 713 is entirely prospective in its terms. A contractor who shall furnish material to any person who shall have made any contract, etc., shall have a lien. It refers expressly not only to materials to be furnished by a subcontractor after the taking effect of the act, but also to principal contracts that shall be made after the taking effect of the act. Secion 721, as we view it, refers only to principal contracts that had been made prior to the taking effect of the act, and that, as to such contracts theretofore made, a lien should be had for work or materials done or furnished by subcontractors, whether the contract of the subcontractor was made prior or subsequent to the taking effect of the act. It is reasonably clear that the last section

was tacked on to the main body of the act as a proviso to cover matters then pending, and was not intended to curtail or restrict the operations of section 713. The interpretation given by the former opinion in this case construes the words "apply to and include" as words of restriction, which is not the usual construction thereof. Such interpretation virtually inserted the word "only" in section 721 and made the same read: "This act shall only apply to and include all cases and contracts," etc. Again, all of the clauses in section 721 are limited, as suggested by Judge Smith in his concurring opinion, to those cases where an appropriation of the funds of the corporation is made. This limitation in the case of a municipal corporation refers undoubtedly to the provisions of section 1298 of the Revised Political Code, which applies to cities of the first, second, and third classes, and also to cities under commission. There is no such provision in the law relating to the organization and government of towns, nor in the law relating to the organization and government of counties or public school corporations. Counties, public school corporations, and towns do not make "appropriations." The former interpretation, therefore, wipes out entirely the provisions of section 713. It eliminates the words "county" and "public school corporation" from the act and makes the act of no effect as to towns, and leaves it applicable only to the other classes of municipal corporations. That interpretation not only does this but it limits the application of the law still further. It can only apply to such cases where an appropriation is made, even by the municipal corporation. In the case of the letting of a contract for the building of a sidewalk, for the paving of a street, for the grading of a street, for the contruction of sewerage, and for all other matters where the work is to be paid for by special assessment upon the property benefited, and no funds of the corporation are used, this act could not apply if interpreted as above suggested, because in those cases there is no "appropriation."

As before stated, we are of the opinion that article 721, being section 9 of the original act of 1895, was merely added in order that the act might cover the cases of subcontracts (whether such subcontracts were made before or after the passage of the act), where the principal contract had been let before the act was passed, and that, when this act was incorporated into the Revised Codes,

that section should have been omitted, because no longer needed. Such an interpretation is reasonable and gives force to section 713, which is otherwise obliterated from the act.

[2]   The remaining question to be determined is whether respondent was entitled to a mechanic's lien under the provisions of section 713, C. C. P.   In other words, is drainage work county work, or is it the work of the members of the board?   Such work is made public work by the amendment to the state Constitution adopted in 1906, viz., section 6, article 21.   Before the adoption of this section, drainage work, which was conducive to the public health, convenience, and welfare, was by its very nature public work.   One effect of the amendment was to make the drainage of agricultural lands public work.   By such amendment the Legislature may provide for the organization of drainage districts and may vest the corporate authorities thereof with drainage powers. It is clear that in such case the acts of the corporate authorities would be the acts of the drainage district.

The Legislature may dispense with the organization of drainage districts and vest the corporate authorities of counties, townships, and municipalities with such powers.   It would seem equally clear that in such cases the acts of the corporate authorities would be the acts of the county, township, or municipality.   The Legislature chose the second alternative and vested such powers in boards of county commissioners.   A careful study of the present drainage laws convinces us that under such laws the county is the legal entity, and that in doing such work the county commissioners are engaged in county work.   State ex rel. Viking Twp. v. Mikkelson (N. D.) 139 N. W. 525; Reed v. Heglie, 19 N. D. 801; 124 N. W. 1127; Flagg v. Bradford, 181 Mass. 315, 63 N. E. 898; Davenport v. County of Dodge, 105 U. S. 237, 26 L. Ed. 1018; Bates County v. Mills, 190 Fed. 522, 111 C. C. A. 354; Words and Phrases (under "Corporate Authorities") ; 32 Cyc. 1256 (under "Public Work").   Therefore, funds accruing in drainage matters are funds which are in the control of the county.

Such being the case the respondent was clearly entitled to a lien upon any moneys arising from the drainage proceeding due or to become due the principal contractor, the appellant, at the time of filing its lien.   The complaint stated a cause of action against the county.

The order overruling the demurrer is sustained.

McCOY and WHITING, JJ., dissent.