# VILLAGE OF KANSAS

*v.*

# WILLIAM JUNTGEN.

1. MUNICIPAL CORPORATION—*execution can not be awarded.* It is error to award an execution against a municipal corporation.

2. COSTS— *in suit by tax-payers in name of village.* In a suit by tax-payers of an incorporated village, in the name of the village, the statute requires they should file a bond for costs, and if the plaintiffs fail, judgment for costs, it seems, should go against the securities.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. ROBERT L. McKINLAY, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This suit was instituted in the county court of Edgar county, by the village of Kansas, plaintiffs, and against William Juntgen, defendant, certain tax-payers suing in the name of the village to recover money alleged to have been paid to the defendant without lawful authority.

There was a verdict for the defendant, and judgment being rendered thereon, the plaintiffs appealed to the circuit court, in which court there was also a verdict for the defendant, which the court refused to set aside, and rendered judgment against the plaintiffs for the costs, and that defendant "have execution thereof." To reverse this judgment and order, plaintiffs appeal to this court.

This village was incorporated under the general law, on October 12, 1872.

An important question is raised, which we will not now discuss, as there is no argument on behalf of appellee, and as the judgment must be reversed for the reason that an execution was ordered to collect the costs.

In *City of Chicago* v. *Hasley,* 25 Ill. 595, it was held to be error to award an execution against a municipal corporation,

and this rule has been adhered to ever since.   *City of Bloom-ington* v. *Brokaw et al.* 77 ib. 194.

The statute authorizing tax-payers of an incorporated vil-lage to bring actions in the name of the village, requires they shall file a bond for costs, and shall be liable for all costs in case the village be cast in the suit, and judgment shall be ren-dered accordingly.   Ch. 24, Rev. Stat. 1874.   It would seem, from this, that the judgment for costs should go against the tax-payers signing the bond.   At any rate, no order could go for an execution against the corporation.

For the reasons given, the judgment is reversed and the cause remanded.   The question raised being an important one, a *venire de novo* is awarded.

*Judgment reversed.*