# THE CITY OF PARIS

*v.*

# DANIEL R. CRACRAFT.

1. DAMAGES—*for injury caused, in part, by third party.*  Where a city is sued for negligence in constructing a sewer of insufficient capacity to carry off all the water during heavy rains, whereby the plaintiff's lot is flooded, if it appears that the injury was caused, in part, by the owner of an adjacent lot filling up the same, and stopping a natural drain, the city will not be liable for the entire damages sustained.

2. CITIES—*awarding execution.*  It is error to award an execution against a city.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action on the case, by Daniel R. Cracraft, against the city of Paris, for causing water to flow upon and injure the plaintiff's premises, by the construction of an insufficient sewer along the same to carry off the water.

The proof showed that the water formerly flowed, by a natural drain, through a lot of a Mr. Jones, which he filled up, and, in consequence thereof, a greater quantity of water was caused to flow through the sewer, which was not of sufficient capacity to carry off all the water during a heavy rain. The case was tried, resulting in a verdict and judgment in favor of the plaintiff for $50 and costs.

The court below refused the following instructions on the part of the defendant:

" If the jury believe, from the evidence, that the water on the lot east of the premises of plaintiff was forced upon the plaintiff's premises by reason that the owner filled up the same full, and the injury was occasioned thereby to plaintiff, then the jury will find for the defendant."

" If the jury believe, from the evidence, that a portion of the injury sustained by plaintiff was occasioned by reason of the adjacent lot of Mr. Jones being filled up, it is proper for the jury to make such deduction in the case."

Mr. ROBERT L. McKINLAY, for the appellant.

Messrs. TROGDON & CAPPS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There is some evidence in the record tending to show the damages suffered by plaintiff may have been occasioned, in part, at least, by the fact Jones had raised his lot in the immediate vicinity, by filling in dirt. If that is so, the injury to plaintiff's premises was not caused wholly by the negligent conduct of the city. Instructions asked by defendant on that branch of the case presented the law fairly, and ought to have been given. It was error to award execution against the city, as was done. *City of Bloomington* v. *Brokaw,* 77 Ill. 194, and cases cited.

The judgment will be reversed and cause remanded.

*Judgment reversed.*