## CITY OF CAIRO

v.

## ISAAC B. ALLEN.

EXECUTION CANNOT ISSUE AGAINST MUNICIPAL CORPORATION.—The statute prescribes the manner in which a judgment against a municipal corporation may be enforced, and it is error to award an execution on such a judgment.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, for appellant; that a municipal corporation may defend against bonds issued without authority, in whosesoever hands they may be, cited Burr v. Carbondale, 76 Ill. 455; Town of East Oakland v. Skinner, 94 U. S. 256; Ryan v. Lynch, 68 Ill. 160; Marsh v. Fulton Co. 10 Wall. 676; Town of Coloma v. Eaves, 92 U. S. 490.

As to the manner in which ordinances should be passed: Laws 1869, 833, § 1; Laws 1867, 370, §§ 9, 16.

It being shown by the journal required by law to be kept, that the city council never did pass the supposed ordinance, evidence *aliunde* was inadmissible to contradict the journal: City of Lowell v. Wheelock, 11 Cush. 391; Covington v. Ludlow, 1 Met. 295; Boston Turnpike Co. v. Pomfret, 20 Conn. 500; Dufre v. Hoag, 1 Aiken, 286; School Dist. v. Atherton, 12 Met. 105; County Com'rs v. Chitwood, 8 Ind. 504; Jordan v. School Dist. 38 Me. 164; 1 Dillon on Mun. Cor. § 234; Bank, etc. v. Dandridge, 12 Wheat. 64.

If the city council, possessed of a certain power, has never delegated that power to any individual, the exercise of that power by an unauthorized person is *ultra vires;* it is a question of want of power: 1 Dillon on Mun. Cor. § 245; Miller v. Goodwin, 70 Ill. 659; Spangler v. Jacoby, 14 Ill. 297; Schuyler Co. v. The People, 25 Ill. 158; People v. Starne, 35 Ill. 121.

It was error to award execution against the city: Rev. Stat. 219, § 90; Chicago v. Hasley, 25 Ill. 598.

City of Cairo v. Allen.

Messrs. LINEGAR & LANSDEN, for appellee; that the journal failing to show the proceedings of the city council, they may be proved otherwise, cited Mariner v. Saunders, 5 Gilm. 113; White v. Herrman, 62 Ill. 73; Dillon on Mun. Cor. §§ 237, 238; Bank, etc. v. Dandridge, 12 Wheat. 64; Bigelow v. Perth Amboy, 1 Dutch, 297; San Antonio v. Lewis, 9 Tex. 69; Ross v. Madison, 1 Ind. 281; Langsdale v. Bouton, 12 Ind. 467; Indianapolis v. Imberry, 17 Ind. 175.

TANNER, P. J. The appellee sued appellant in the Circuit Court of Alexander county, upon certain interest coupons, and recovered a judgment for $600, with costs of suit. The appellant brings the case to this court and assigns various errors in the rulings of the court.

We have carefully examined and considered the record in reference to these alleged errors, and find but one well made. The court, upon rendering judgment, awarded an execution against the appellant. This was erroneous. Section 90, Chapter 24, R. S. 1874, provides the manner by which judgments obtained against municipal corporations must be paid, and such provision does not by any rule of construction, authorize the issuance of an execution against such corporations. It is manifest, at the first blush, that to hold that a judgment against a municipal corporation could be collected by execution, would strike at the very foundation of the corporation, and in many instances would, to say the least, seriously embarrass the corporations in the exercise of the powers and privileges conferred upon them by the Legislature, for the security and welfare of this citizens, and the aiding in the execution of the general police powers of the State.

In the case of the City of Chicago v. Halsey, 25 Ill. 598, the court held that an execution could not issue against the city, and supported the decision by a line of argument and reason scarcely equalled by any in our own or other courts.

The judgment of the Circuit Court, for this error, will be reversed and the cause remanded, to enable the appellee to move the court for the rendition of a proper judgment in the cause.