# The Galena and Southern Wisconsin Railroad Company

## v.

## William Ennor.

1. Final process—Capias—Not quashed for errors prior to judgment.—A court will not interfere upon motion and quash its final process for reasons that existed at the time of trial of the original suit, and which might then have been presented by way of defense.

2. Power of court to recall final process.—A court may exercise an equitable jurisdiction over its own process and will not allow it to be used for an inequitable purpose; but this rule does not go beyond the recognition of equities arising after judgment.

3. Res adjudicata.—Appellee moved to quash the *ca. sa.* issued against him, on the ground that the contract upon which judgment was rendered against him was a dependent one, and at the time of trial the plaintiff had not and could not perform on his part.   This was matter proper to have been shown by way of defense to the action, and the judgment in favor of plaintiff is a solemn adjudication that the plaintiff had performed and that the defendant had not.

4. Appeal—Estoppel.—Appellee had a right of appeal from the judgment, and have the error, if any, corrected, but not having done so, he is now estopped from attacking it in this collateral and summary proceeding.

5. Judgment cannot be impeached by parol.—The judgment for

plaintiff is an adjudication that the amount is due and payable, and paro evidence cannot be heard in a collateral proceeding at law to show that the plaintiff is not entitled to the thing adjudged.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WM. BROWN, Judge, presiding. Opinion filed October 11, 1881.

At the May Term, 1879, of the Jo Daviess Circuit Court, the Galena and Wisconsin Railroad Company recovered a judgment against the appellee, Ennor, for the sum of $5,668.

The cause of action, as shown by the declaration, was an agreement by the defendant to take eight of the first mortgage bonds of the company and forty shares of the capital stock of the company, and pay therefor the sum of $650 in cash for each $1,000 bond and five shares of the stock. The defendant pleaded to the declaration, the parties waived a jury, and submitted the cause to the court for trial, which resulted in the above judgment. This judgment was never appealed from, but stands in full force against•the defendant, unsatisfied and unreversed.

On the tenth day of July, 1879, the plaintiff caused an execution in due form to be issued upon said judgment, and placed the same in the hands of the sheriff of said Jo Daviess county to execute, who upon said writ demanded of the defendant, Ennor, that he turn out a sufficient amount of his goods and chattels, lands and tenements, to pay said execution, and particularly that he surrender upon said execution all bonds, notes, deeds of trust, mortgages, and government or United States bonds, held by him, for the purpose of satisfying said writ. The defendant failed and refused to comply with this demand and the execution was returned not satisfied.

Thereupon, on the 11th day of July, the agent of the plaintiff, M. Y. Johnson, made and filed his affidavit before the master in chancery, setting forth the recovery of the judgment, the issuing of the execution, the demand so made by the sheriff, the refusal of the defendant to comply with such demand, and the fact that that defendant had estate, goods and chattels not exempt, and particularly some $20,000 worth of United

States bonds that he could surrender in payment of said execution, and that he willfully withholds and refuses to surrender the same, and asks for an execution against the body of the defendant.

The master in chancery certified that probable cause existed for an execution against the body of the defendant, and the clerk of the circuit court issued one accordingly, upon which the defendant, Ennor, was arrested and imprisoned in the county jail of said county.

At the February Term, 1880, of said circuit court, Judge William Brown presiding, defendant presented his petition for a *habeas corpus*, to be relieved from further imprisonment under said *ca. sa.*, and upon full hearing thereof he was remanded. Afterwards in vacation he presented another petition to Judge Bailey, of the same circuit, and upon another hearing, he was on the first day of May, 1880, again remanded by order of said judge to the custody of the sheriff.

These proceedings being unavailable to procure his release from imprisonment, he, at the August term, 1880, of the county court, presented his petition to the county judge, to have the question of his alleged fraud and refusal to surrender his estate submitted to a jury, under the provisions of the statute relating to insolvent debtors.

The jury impaneled to try said questions found he was not guilty of the fraud alleged, but was guilty of unjustly refusing to surrender his estate in satisfaction of the said judgment, and the county court overruling his motion for a new trial, remanded him to the custody of the sheriff, and he appealed to the circuit court. While said appeal was pending in the circuit court, the defendant had the cause in which the original judgment was rendered placed upon the docket of the said circuit court and entered his motion therein to quash the writ of *capias ad satisfaciendum* issued in said cause, and for an order staying any other execution on said judgment. Upon a hearing the court granted the motion, on the ground that at the time of the commencement of the suit and rendition of the judgment the plaintiff was unable to comply with its contract to deliver the bonds and stock, and from such time

G. & S. W. R. R. Co. v. Ennor.

to the entering of the order neither the plaintiff nor its successors have been able or willing to comply with its contract. That such contract was a "mutual and conditional one, and that it would be inequitable to compel the defendant to pay the judgment without the plaintiff would bring the bonds and stock into court for the use of defendant."

From this order the plaintiff appealed.

Mr. L. SHISSLER and Mr. M. Y. JOHNSON, for appellant; as to the validity and binding force of the judgment against appellee, cited Graceland Cem. Co. v. The People, 92 Ill. 621.

Whoever would complain of the proceedings of a court must do so in such time as not to injure his adversary by unnecessary delay in asserting his rights: Voorhees v. Bank of U. S. 10 Pet. 473.

The judgment is final as to every matter which might have been litigated in the cause: Embury v. Connor, 3 Comst. 522; Kelly v. Donlin, 70 Ill. 378; Rogers v. Higgins, 57 Ill. 244.

The cause of action on which the judgment was rendered cannot be reached by mere motion: Jacquemart v. Erb, 53 Ill. 291.

Messrs. LUKE & JONES for appellee; upon the power of courts to control their process, cited Rev. Stat. 1874, 782, § 85; Robinson v. Chesseldine, 4 Scam. 332.

This may be done by motion: Gillespie v. Rout, 39 Ill. 247; Keefer v. Mason, 36 Ill. 406; Sandburg v. Papineau, 81 Ill. 446.

Contracts must be construed according to the intention of the parties, and they should not be held to be independent unless it clearly appears that such was the intention: Wilson v. Marlow, 66 Ill. 385; Mecum v. P. & O. R. R. Co. 21 Ill. 535; Stoolfire v. Royse, 71 Ill. 223.

A motion to quash the capias is the proper method of reaching defects in the affidavit on which it issued: Doty v. Colton, 90 Ill. 453.

Bonds and choses in action are not liable to execution:

Rorer on Judicial Sales, 322; Tuttle v. Wilson, 24 Ill. 553; Prout v. Grout, 72 Ill. 456.

Pillsbury, J.—The motion filed by the defendant, Ennor, to quash the *ca. sa.* and stay the issuing of any process for the collection of the judgment, alleges three reasons why such motion should be granted:

First: that the original execution and the return thereon was not a sufficient foundation upon which to base the *capias.*

Second: the affidavit for the *capias* was not sufficient in law to justify the issuing of the writ.

The third cause is the same as recited by the court in its order granting the relief.

We have examined the execution and affidavit, and do not perceive any substantial defects therein. They appear to set forth all that is required by the statute preliminary to the issuing of a *capias ad satisfaciendum.* The only remaining point for our consideration is whether the court erred in entering the order quashing the *capias* and prohibiting any further proceedings under the judgment until the railroad company should bring into court the bonds and stock, which was the consideration of the promise of Ennor to pay the money named in the judgment. The court finds that the contract upon which said judgment was based was a mutual and conditional one, and that at the time of the rendition of said judgment the plaintiff therein was not able and willing to comply with said contract and deliver the bonds and stock, and has not been at any time since the rendition of said judgment.

If said contract was of the character found by the court, and the railroad company could not comply with its terms upon its part, it would seem that the defendant had a full and complete defense to the suit upon its merits, and the record showing that a judgment for the plaintiff could not have been rendered without deciding this very question, as it lies at the foundation of plaintiff's right to recover, and the decision being upon the merits by a court of competent jurisdiction, that judgment must be considered as having settled that matter as to all future actions or proceedings between the parties.

Whether the court committed an error in its findings of the facts, or in applying the law to the facts, cannot matter, as it is the judgment itself that concludes the parties, and the matter having passed in *rem judicatum*, so long as such decision stands unreversed or unannulled, the parties are barred from reviving it.

The question whether the plaintiff had so far performed its part of the contract, as to entitle it to a recovery, was clearly within the scope of the record and directly in issue, and the judgment in favor of the plaintiff is a solemn adjudication that the plaintiff had so performed, and that the defendant had not.

If this finding and judgment were erroneous, the defendant had his remedy by appeal or writ of error, when he could have had the same reviewed, and such an error, if any, corrected, but not seeing proper to attack the same directly, he is estopped from doing so in a collateral and a summary proceeding.

It is urged, however, that the court rendering the judgment, exercises an equitable jurisdiction over its own process, and will not allow it to be used for inequitable purposes. A proper case being made, there is no doubt of the power of the court to control its own process, either to prevent its issue, to stay proceedings under it, or to compel its return unexecuted.

This principle, it is believed, has never been extended to a case where the equity sought to be invoked existed prior to the rendition of the judgment, and could have been made available in the original proceeding.

If the judgment itself is inequitable, and is not the result of the party's own neglect, his remedy is in a court of equity, but it cannot be held as the law that a court, by this summary proceeding, can sit in review upon its own solemn findings and judgments, refuse its process to make such judgment effectual, because the court, in rendering such judgment, committed error. Suppose suit is brought upon a note that has been paid, and upon trial, judgment is rendered upon the merits for the plaintiff; will the court, upon the motion of de-

G. & S. W. R. R. Co. v. Ennor.

fendant to stay execution, go behind the judgment and re-investigate the facts that have been once settled, and refuse final process in the cause? A suit is brought for the purchase-price of land sold under a contract to deliver a deed when the payments are made and the plaintiff recovers; can the court, upon a motion, refuse its process for the collection of the sum adjudged to be due, because the proof heard upon the motion shows that the plaintiff did not, before suit brought, tender a deed in compliance with his contract, and still refuses and neglects so to do? It would seem not. The judgment for the plaintiff is an adjudication that the amount is due and payable, and parol evidence cannot be heard in a collateral proceeding at law to show that the plaintiff is not entitled to the thing adjudged. The judgment upon which the *ca. sa.* was issued in this case is proof conclusive that at that time the plaintiff was entitled to have and receive of the defendant the amount adjudged to him, and the court ordered execution for its collection; and it seems to us that unless the judgment has been paid, released, or otherwise satisfied, the plaintiff, under the law, is still entitled to have all legal process for its collection. We fail to find in the record that anything has occurred since the rendition of the judgment that tends to affect, impair, or destroy its validity, or that makes it inequitable to enforce it according to the terms of the recovery. The only reason alleged against its collection is one that existed prior to its rendition, and could have been availed of by the defendant in bar of a recovery. At least there is nothing shown in the record why such defense was not made, and we might say, no competent proof appears, negativing the presumption that it was made and adjudged against the defendant. The remarks of the court in Voorhees v. Bank of the United States, 10 Pet. 449, we think applicable to this case. So long as this judgment remains in force, it is in itself evidence of the right of the plaintiff to the thing adjudged, and gives him the right to process to execute the judgment; the errors of the court, however apparent, can be examined only by an appellate power."

The cases cited by appellee in support of the position that

a court will recall and quash final process where it is inequitable to enforce it, do not go beyond the recognition of equities arising after judgment. If the defendant had a good defense to the action unknown to him at the time, and he could not have ascertained it by the exercise of reasonable diligence, or if known to him and without *laches*, negligence or default upon his part or those representing him, he was prevented from making his defense to the action by fraud, mistake, accident, or surprise, then his remedy is in a court of equity, and not by motion, as such matters are not taken cognizance of and adjucated upon in this summary manner after the term has passed at which the judgment was entered. In our opinion, the facts appearing in this record do not justify the order entered by the court below, and we must reverse the order and remand the cause.

Reversed and remanded.