INDIAN GRAVE DRAINAGE DISTRICT

v.

HENRY ROOT.

*Drainage District—Judgment against—Motion to Vacate—Levy and Quash Writ of Execution.*

1. Where an execution has been erroneously awarded, the proper remedy, after the term, is appeal or writ of error.
2. This court declines to interfere with the action of the trial court denying a motion to vacate a levy and quash the execution at the second term after judgment was obtained.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. SPRIGG & ANDERSON, for appellant.

Mr. ALMERON WHEAT, for appellee.

PLEASANTS, J.   At the October term, 1886, appellee recovered judgment by default against appellant for $1,167.55 and costs, and for execution therefor, on service upon one commissioner only, the other two having tendered their resignations, which were indorsed as accepted by the county judge, though their places had not been filled.   The execution issued thereon was in the usual form of a *fieri facias*, and was levied by the sheriff on the 3d day of February, 1887, upon a lot of ground and pumping works belonging to appellant, but situate outside of the district.   At the March term following, another having intervened, the cause was redocketed on motion of the defendant, who thereupon on the same day entered a further motion to vacate the levy and quash the writ of execution, which was denied.

Indian Grave Drainage District v. Root.

The reasons for the motion, assigned below and relied on here, are (1) that the service was not sufficient to give the court jurisdiction of the defendant, and (2) that the defendant was a municipal corporation and therefore not liable to execution.

Conceding for the purposes of this case that both these propositions are true, the question is, had the court power to allow the motion?

The sufficiency of the service was *res adjudicata* in that court. So also as to plaintiff's right to execution. That he should have it was a part of the judgment. The writ issued was strictly according to the judgment. Why quash it, then? This motion was clearly not an invocation of any equitable power of the court over its own process, nor for cause arising after the judgment awarding it. Aside from the question of jurisdiction, which overshadows all the other proceedings as well, it strikes at the execution directly through the judgment. It is predicated upon error in the judgment, in that behalf distinctly assigned, and asks the court upon review so to hold, and to deny to the plaintiff all benefit of it— accordingly, in effect, to reverse it. And this is asked at the second term after it was rendered.

That the error so assigned was not merely clerical, or other such as the court could correct on motion at a subsequent term, seems clear enough. There was no mistake about it, except as to the law. It was just as the court intended it should be. No fact is presented in support of the motion which did not fully appear by the record. The error, therefore, was not one of fact, which could formerly have been corrected on a writ of error *coram nobis*, and can now be on motion as its substitute, but of law. And for the general rule that for such an error the proper remedy, after the term, is by appeal or writ of error, we hardly need to cite authority. But to show how uniform the practice has been in this State, where execution has been erroneously awarded, we transcribe from the brief of counsel, which we have verified, the following: City of Morrison v. Hinkson, 87 Ill. 587; City of Paris v. Cracraft, 85 Ill. 294; Village of Kansas v. Juntgen, 84 Ill. 360; City of Elgin v. Eaton, 83 Ill. 535; City of Cairo v.

Allen, 3 Ill. App. 398; City of Virden v. Fishback, 9 Ill. App. 82; Watson v. Abry, 2 Ill. App. 280. Others might be cited.

The only departure from this course, so far as we are advised, was in the case of City of Chicago v. Hasley, 25 Ill. 595. In the report of that case it is stated that the execution was issued in August and the motion to quash entered in June of the same year, a misprint, probably, which leaves it uncertain when, in reference to the judgment, the motion was in fact entered. Under the practice, not uncommon at that time, of getting an order for execution instanter upon a special showing, it might have been during the judgment term. But however that was, it is evident that the question here considered was not raised by counsel nor discussed by the court. The opinion states that the "only question" was, "can the ordinary writ of *fieri facias* legally be issued against a municipal corporation on a judgment for debt or damages recovered against it," and no other is noticed. Possibly the importance of that question and of its early decision induced the overlooking or waiving of the other. Therefore, and in view of later expressions, we are inclined to think it ought not be regarded as authority upon the one here involved, and that the motion was rightly denied.

*Affirmed.*