### Daniel McNabb v. President and Board of Trustees of the Village of Tonica.

1.   STATUTES—*Repeal of Statute Giving Special Remedy.*—Where a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must terminate wherever the repeal finds them.

2.   PRACTICE—*Court Must Decide According to Law in Force When Decision is Made.*—It is the duty of the court to determine the case upon the law in force at the time of the rendition of its decision.

Mandamus.—Appeal from the Circuit Court of La Salle County; the Hon. HARVEY M. TRIMBLE, Judge presiding.   Heard in this court at the April term, 1902.   Affirmed.   Opinion filed July 18, 1902.

BERT GUNN and McDOUGALL & CHAPMAN, attorneys for appellant.

LINCOLN & STEAD, attorneys for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was a petition for mandamus by Daniel McNabb to compel the president and board of trustees of the village of Tonica to disconnect certain territory of the petitioner lying within the corporate limits of the village.   The petition was filed September 12, 1901.   The court sustained a demurrer to the petition.   The petitioner abided by his petition.   The court dismissed the petition and rendered judgment for costs against the petitioner who brings the case to this court by appeal.

The proceedings were instituted under the provisions of "An act in relation to the disconnection of territory from cities and villages," in force May 29, 1879. This act was held to be mandatory in Young v. Carey, 184 Ill. 613. The act of 1879 was repealed by an act passed with an emergency clause, May 10, 1901. The latter act provides that it "shall apply to and affect all cases where property has not been disconnected by such city council, or such trustees of such village, whether application has been made for disconnection or not."

Petitioner's property had not been disconnected when the act of 1901 went into effect, and that act deprived him of the right to compel the village authorities to disconnect it. The repeal of the act of 1879 takes away all right of the petitioner to proceed thereunder, as effectually as if the law had never existed. If a statute giving a special remedy is repealed without a saving clause in favor of pending suits all suits must terminate where the repeal finds them.

If this proceeding had been commenced prior to the act of 1901 (but it was not), and while the act of 1879 was in full force and effect, yet, it would be the duty of the court to determine the case upon the law in force at the time of the rendition of its decision. Vance v. Rankin, 194 Ill. 625; City of Charleston v. Wiley, 195 Ill. 433.

It follows that the court below acted properly in sustaining the demurrer and dismissing the petition.

The judgment of the Circuit Court will be affirmed.