# The Aultman and Taylor Machinery Company v. Arthur Fish, et al.

## Gen. No. 4,458.

1. RETROACTIVE CONSTRUCTION—*when rule against, not favored.* The rule that statutes are prospective and will not be construed to have retroactive operation unless the language employed in the act is so clear that it will admit of no other construction, applies only to statutes which affect some vested right or interest existing under a prior law, and does not apply to statutes which relate merely to remedies and forms of procedure.

2. CHATTEL MORTGAGES—*construction of statute pertaining to extensions of.* The amendment of 1903, providing for the extension of chattel mortgages only for a period of one year, applies to mortgages in force at the time it became effective, as well as to those subsequently executed.

3. CHATTEL MORTGAGES—*when extensions of, inoperative.* An extension of a chattel mortgage for a period longer than one year, made after the amendment of 1903, is inoperative as against third parties, even for the period of one year, notwithstanding the mortgage sought to be extended was executed prior to such amendment.

DIBELL, J., dissenting in part.

Action of replevin. Appeal from the Circuit Court of Kankakee County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 25, 1905.

B. F. GRAY, for appellant; EBEN B. GOWER, of counsel.

E. P. HARNEY and DONOVAN & SHIELDS, for appellees.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

On the 21st of October, 1901, John A. Anderson gave appellant a chattel mortgage on certain property to secure an indebtedness owing from him to appellant, which was evidenced by promissory notes maturing at different times up to October 1, 1904. On the 14th of October, 1903, appellant filed in the office of the recorder of Kankakee county, and on the 16th with the justice of the peace before whom the mortgage was acknowledged, an affidavit

Aultman & Taylor Machinery Co. v. Fish.

for its extension, in which it was recited that there was still due and unpaid from the mortgagor to the mortgagee the sum of $1,282.56, and that "said mortgage is hereby extended until the 13th day of October, 1905."

On the 25th day of November, 1903, Arthur Fish, one of appellees, recovered three judgments against Anderson, the mortgagor, before a justice of the peace, and caused executions to be issued thereon and levied upon a portion of the property described in the mortgage. Appellant demanded the property from F. W. Bassard, the constable who seized it under the executions and had it in his possession, but the demand was refused and appellant brought suit in replevin to recover it. The cause was tried without a jury. The court found for the defendants and plaintiff brings the case here on appeal.

At the time the mortgage from Anderson to appellant was executed, the law provided for an extension of chattel mortgages for a period of not more than two years, but the legislature subsequently amended the act, which amendment went into effect July 1, 1903, providing that an extension could not be made for more than one year, and one of the questions raised by this record is, whether the amendment affected chattel mortgages already in force when it was adopted and went into effect.

Counsel for appellant contended that the law which was in force at the time of the execution of the original mortgage enters into and forms a part of the contract existing between the parties, and that the amendment should not be held to affect it because that would be giving effect to a law that impaired the obligation of contracts. We cannot agree to this view. The amendment referred to did not affect or impair the obligation of the contract between the parties. It only affected the remedy.

At the time of the passage of the amendment and its taking effect, shortening the period for which an extension might be made, the parties had made no contract that was affected by it. The two years for which the mortgage was good had not expired and did not expire until in October

after the amendment took effect. While the law in force at the time the mortgage was executed authorized an extension for two years, no extension had been made before the law was changed by the act of 1903, shortening the period of extension to one year.· If the mortgage had matured and the extension had been made before the taking effect of the act of 1903, then it would not have applied to the extension, for that would have impaired the obligation of the contract. While the rule as repeatedly announced in this State is that statutes are prospective and will not be construed to have retroactive operation unless the language employed in the act is so clear it will admit of no other construction, this rule applies only to statutes which affect some vested right or interest existing under a prior law. " It must be something more than ,a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of the property, or the present or future enforcement of a demand, or a legal exemption from a demand made by another." Suth. on Statutory Construction, sec. 164. Statutes relating merely to remedies and forms of procedure are held not to belong to that class, where they do not affect the substantial rights of the parties, and such statutes apply to past contracts as well as future.

In Fisher v. Green, 142 Ill. 80, the Supreme Court passed upon the effect of the act of 1874 in relation to the foreclosure of trust deeds containing a power of sale, executed prior to its enactment and while the law of 1869 was in force. The act of 1869 provided that in case of the death of the grantor in any mortgage or trust deed given to secure the payment of money and containing a power of sale, the same should be foreclosed in the same manner as mortgages not containing a power of sale. The act of 1874 provided also that in case of the death of any person owning the equity of redemption, the trust deed. or mortgage should be foreclosed in the same manner as mortgages not containing a power of sale. It was there held that the

power of sale was coupled with an interest and vested in the beneficiary of the trust a right, in case of default, to have the mortgaged premises sold for the satisfaction of the debt without a resort to judicial proceedings, and without redemption, and that if the act of 1874 applied, it would be divesting the parties secured, of a vested right.

In Woods v. Soucy, 166 Ill. 407, one of the questions involved was, whether sections 8 and 9 of the Landlord and Tenant Act of 1865, applied to leases made before the passage of that act, concerning the rights of the parties with reference to forfeiture upon a failure to comply with the terms of the lease. The act in force at the time the lease was made provided for enforcing forfeiture by demanding the precise amount of rent due on the day it became due, on the premises at some convenient hour before sunset, or by an action of ejectment when one-half year's rent was in arrears. The party seeking to forfeit the lease and obtain possession of the premises did not pursue either of these remedies, but proceeded according to sections 8 and 9 of the Landlord and Tenant Act of 1865. The Supreme Court said: "If, by applying the act to leases entered into prior to its passage, the effect would be to impair the obligation of the contract, it is evident that such a construction would render the act void; but if the act in question has relation to the remedy only, by simply changing the mere form of procedure by which the right is enforced or by giving an additional remedy, leaving the contract of the parties and their rights secured thereby unchanged, it is plain the obligation of the contract would not be impaired, and the act would apply to contracts entered into before its enactment, by providing a different or an additional remedy for their enforcement, as well as to contracts made subsequently. There can be no vested right in any particular remedy or in any special mode of administering it. Bruce v. Schuyler, 4 Gilm. 221; Dobbins v. First National Bank, 112 Ill. 553. While it is the general rule that statutes will not be so construed as to give them a retrospective operation unless it clearly appears

that such was the legislative intention, still, ' where the act merely changes the remedy or the law of procedure, all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change in the law.' " In this case the Supreme Court refers to Fisher v. Green, *supra*, and distinguishes it from cases where subsequent acts of the legislature are held not to affect vested rights, but only the remedy for enforcing or protecting them. In Van Rensselaer v. Snyder, 13 N. Y. 299, it was held a statute abolishing distress for rent applied to leases made under a prior act providing that on default in the payment of rent the lessor might distrain, and it was there said the subsequent act did not impair the obligation of the contract, but related to the remedy only and that the legislature had the power to change the remedy. See, also, Charles River Bridge v. Warren Bridge et al., 11 Peters, 420.

In Templeton v. Horne, 82 Ill. 491, one of the claims of title to the premises involved was based upon a master's sale under a decree establishing a mechanic's lien. The contracts between the owner and the mechanics and material men were made and proceedings instituted to establish their liens before the passage of the act of 1869, which allowed redemption from such sales, but no decree was pronounced until after that act went into effect. The decree allowed redemption according to the law in force at the time it was entered, and it was claimed it was invalid for that reason. The Supreme Court held the decree was properly entered, in accordance with the provisions of the law of 1869 and that the act did not have the effect of impairing the obligations of contracts and said: "Our understanding is, all remedies for enforcing contracts and obligations are within the control of the legislature, and any mere change that does not amount to a deprivation of all efficient remedy, is in no just sense impairing the obligation of contracts." True there are cases in which it has been held that certain changes in the Mechanics' Lien Law were not applicable to contracts existing when the change was

made, but these are cases where the law, if applied to prior contracts, would materially impair the rights of parties as they existed under the old law, and did not merely affect the remedy.   Templeton v. Horne has been often cited but never overruled.   " If a particular form of proceeding is prohibited, and another is left or is provided which affords an effective and reasonable mode of enforcing the right, the obligation of the contract is not impaired." Suth. on Statutory Construction, sec. 476.

The right to extend the chattel mortgage was created and existed only by virtue of the statute, and we think the principles announced in Spaulding v. White, 173 Ill. 127, Storrs v. St. Luke's Hospital, 180 Ill. 368, and Sharp v. Sharp, 213 Ill. 332, are applicable.   In those cases it was held that the power of a court of equity to entertain a bill to set aside a will is derived from the statute, and that amendments to the act conferring that power, which limited the time within which a bill might be filed for that purpose to a shorter period than was provided originally, applied to a bill filed after the amendments went into effect, notwithstanding the will was probated before.   In the last case above cited it was said a person had no vested right in the statute in force at the time the will was probated, and that it would have been competent for the legislature to have repealed the entire provision for contesting wills by bill in chancery.

There was no provision in the mortgage to appellant for an extension of time after the expiration of two years. Under the law as it existed at the time the mortgage was executed, it was within the discretion of the parties, by mutual consent, to extend it for a further period of two years, by complying with the requirements of the statute. We are of opinion they had no vested right in the statute then in force; that the amendment limiting the extension to one year, did not have the effect of impairing the obligation of the contract, and that it applied to and controlled extensions made after it went into effect.

Appellant contends that even if the amendment limiting

the time of extension to one year controlled, the extension though invalid for two years was good for one year. It is only by virtue of the statute that a mortgagor of chattel property may retain possession of it without rendering the mortgage invalid as to creditors. By the common law such conveyances were void as to third parties. The statute in force at the time the extension was attempted to be made, authorized an extension for the period of one year, with right in the mortgagor to retain possession of the property during that time. The parties here undertook to contract for an extension for a period of two years, which was not allowed by law. To hold it good for one year would be in effect making a new contract between the parties, one that they themselves neither made nor contemplated. We think the extension was not valid for one year, and in our opinion it was invalid to protect the property against the executions under which it was seized.

The judgment is affirmed.

*Affirmed.*

Mr. Justice DIBELL, dissenting.

I concur in part of what is said above, but I am of opinion that the extension of the mortgage was valid for one year as against creditors.