In re Petition of Attilio Monaco.
Attilio Monaco, Appellant, v. Felix Matarrese,
Appellee.

Gen. No. 38,586.

Opinion filed December 30, 1936. Rehearing denied January 12, 1937.

JOHN O. WAGNER, of Chicago, for appellant.

Rocco De Stefano, of Chicago, for appellee.

Mr. Presiding Justice John J. Sullivan delivered the opinion of the court.

Pursuant to a judgment of the superior court rendered against Attilio Monaco for $6,500 in an action brought by Felix Matarrese for the malicious alienation of the affections of the latter's wife by Monaco, Matarrese caused to be issued by the clerk of the superior court a *capias ad satisfaciendum*, under which Monaco was taken into custody by the sheriff of Cook county. January 23, 1934, Monaco filed a petition in the county court for his release under the Insolvent Debtors' Act, Ill. State Bar Stats. 1935, ch. 72, ¶ 4 *et seq.;* Jones Ill. Stats. Ann. 109.378 *et seq.* March 2, 1934, Rocco De Stefano, attorney for Matarrese, filed a plea in behalf of the sheriff, alleging that malice was the gist of the superior court action, in which the judgment for $6,500 was rendered against Monaco upon the jury's general verdict of guilty, and praying that Monaco be remanded to the custody of the sheriff "to be incarcerated as commanded, not to exceed six months or to be discharged by due process of law."

May 1, 1934, after hearing, the county court found that malice was the gist of the superior court action and ordered the dismissal of Monaco's petition for discharge and his remandment to the custody of the sheriff. On the same day Monaco filed a notice of appeal from the order or judgment of the county court and his appeal bond of $7,500 was approved by the court. His praecipe for record was also filed within apt time.

Prior to the entry of the judgment of the county court Monaco had sued out a writ of error from this court to review the judgment of the superior court without requesting or securing a supersedeas. The opinion of this court was filed March 28, 1935, affirm-

ing the judgment of the superior court, and Monaco's petition for leave to appeal that cause was denied by the Supreme Court June 28, 1935.

The record does not disclose the reason but apparently it was to await the decision of this court and the Supreme Court on the superior court judgment, pending for review, that the county court granted, over a period of more than 16 months, numerous extensions of time to petitioner for filing his report of proceedings in the instant case. All such extensions were granted before the expiration of the original and extended periods allowed for such filing, the parties stipulating to many of the extensions, even the last extension of August 14, 1935, being granted upon such a stipulation. The report of proceedings presented to Judge Edmund K. Jarecki on August 14, 1935, was finally approved by the trial judge September 4, 1935, and the record was transmitted to the clerk of this court and filed within apt time.

In the meantime, on July 26, 1935, by leave of court, the petitioner, Monaco, presented and filed the following motion:

"Now comes the petitioner, Attilio Monaco, by John O. Wagner, his attorney, and moves the Court that the petitioner in the above entitled cause be discharged in accordance with the prayer of his petition.

"The petitioner, Attilio Monaco, is under arrest by the Sheriff of this County on a *capias ad satisfaciendum* on a judgment in a tort action, and in the said suit, where judgment was obtained, there was no special finding of the jury, or a special finding by the Court that malice is the gist of the action, and the petitioner has never refused to deliver up his estate for the benefit of his creditors, nor has a demand been made upon him to deliver up his estate, and the said petitioner has no estate whatsoever.

"The petitioner is, therefore, entitled to his discharge under an Act of the legislature, and approved by the governor of the State of Illinois, on the 11th day of July, 1935, a copy of which Act reads as follows:

" 'An Act to amend section 5 of "An Act in regard to judgments and decrees, and the manner of enforcing the same by execution, and to provide for the redemption of real estate sold under execution or decree," ' approved March 22, 1872, as amended.

*"Be it enacted by the People of the State of Illinois, represented in the General Assembly:*

"Section 1.   Section 5 of 'An Act in regard to judgments and decrees, and the manner of enforcing the same by execution, and to provide for the redemption of real estate sold under execution or decree,' approved March 22, 1872, as amended, is amended to read as follows:

"Sec. 5.   *No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant, and it shall appear from a special finding by the jury, or from a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action, and except when the defendant shall refuse to deliver up his estate for the benefit of his creditors."*

The court after allowing petitioner's motion to be considered a part of the transcript of proceedings and admitting in evidence a certified copy of the amendment above set forth, denied said motion, and in doing so stated:  "I shall hold that the law as amended is not retroactive and shall deny the motion to discharge the appellant."

The petitioner contends that he is entitled to his discharge under the amendment to the statute of July 11, 1935, because (1) the rule that statutes are prospective

and will not be construed to have retroactive operation unless the language employed therein is so clear that it will admit of no other construction, applies only to statutes which affect some vested right or interest existing under a prior law, and does not apply to statutes which merely relate to remedies and forms of procedure; and (2) because it is also the rule that where a statute affording a special remedy is repealed without a saving clause in favor of pending suits, it is the duty of the court to determine cases pending before it upon the law in force when it renders its decision.

Respondent's theory is that the Insolvent Debtors' Act does not apply to a judgment based on malice; and that the amendment in question to the "Judgments and Decrees Act" is prospective and not retroactive.

It will be noted that the amendment of July 11, 1935, provides that "no execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant, and *it shall appear from a special finding of the jury,* or from a special finding by the court, if the case is tried by the court without a jury, that *malice is the gist of action.*" Ill. State Bar Stats. 1935, ch. 77, ¶ 5; Jones Ill. Stats. Ann. 107.155. There was no special finding by the jury in the superior court case "that malice is the gist of the action."

It must be conceded that in all cases of this character filed in the county court subsequent to July 11, 1935, the court would be compelled to discharge the relators therein unless it were shown that the execution against the body of the defendants in such cases was issued pursuant to a special finding that malice was the gist of the action. It is no longer the province of the county court to determine whether malice is the gist of the action in this class of cases. That question under the amendment is squarely up to the court or jury, as the

case may be, which tries the facts in the action where the tort judgment is obtained.

While it is the established rule that statutes are prospective and will not be construed to operate retroactively unless the language employed therein is so clear that it will admit of no other construction, this rule applies only to statutes which affect some vested right or interest existing under a prior law, and does not apply to statutes which relate merely to remedies and forms of procedure. (*Aultman & Taylor Machinery Co. v. Fish,* 120 Ill. App. 314.) No vested right of Matarrese in his superior court judgment against Monaco is affected by the amendment. This amendment clearly affects only a special remedy available to the judgment creditor under the statute as it existed prior to the enactment of the amendment, and the law is settled in this State by a long and uninterrupted line of decisions that, where a statute giving a special remedy is amended or repealed without a saving clause in favor of pending suits, all suits affected must be decided in conformity to the law then existing.

The effect of amending or appealing legislation that merely relates to remedies and forms of procedure is considered at length in *Vance v. Rankin,* 194 Ill. 625, where the court said at pp. 627-28-29:

"The act of May 10, 1901, being a public act, this court will take judicial notice thereof, without formal supplemental plea. (*Wikel v. Board of Comrs. of Jackson County,* 120 N. C. 451.) 'It is well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where the repeal finds them. If final relief has not been granted before the repeal went into effect, it cannot be after.' (*South Carolina v. Gaillard,* 101 U. S. 433.) 'If a case is appealed, and pending the appeal the law is changed, the Appellate Court must dispose of the case under the law in force

when their decision is rendered.' (Cooley's Const. Lim. — 2d ed. — 381, and note.) The effect of the repeal of a statute is to obliterate the statute repealed as completely as if it had never been passed, and it must be considered as a law that never existed, except for the purposes of those actions or suits which were commenced, prosecuted and concluded while it was an existing law. (*Ex parte McCardle,* 7 Wall. 514; *Key v. Goodwin,* 4 Moore & P. 341; *Thorne v. San Francisco,* 4 Cal. 165; *Musgrove v. V. & N. R. R. Co.,* 50 Miss. 677; *Town of Belvidere v. Warren Railroad Co.,* 34 N. J. L. 193.) Pending judicial proceedings based upon a statute cannot proceed after its repeal. (*Gilleland v. Schuyler,* 9 Kan. 569; *Wade v. St. Mary's School,* 43 Md. 178; *McMinn v. Bliss,* 31 Cal. 122; *State v. Daley,* 29 Conn. 272.) This rule holds true until the proceedings have reached a final judgment in the court of last resort, for that court, when it comes to pronounce its decision, conforms it to the law then existing, and may therefore reverse a judgment which was correct when pronounced in the subordinate tribunal from whence the appeal was taken, if it appears that pending the appeal a statute which was necessary to support the judgment of the lower court has been withdrawn by an absolute repeal. (*Hartung v. People,* 22 N. Y. 95; *Hubbard v. State,* 2 Tex. App. 506; *Atwell v. Grant,* 11 Md. 104; *United States v. Peggy,* 1 Cranch, 103; *Mayor of Annapolis v. Maryland,* 30 Md. 112.) In *Musgrove v. V. & N. R. R. Co., supra,* a judgment erroneous when pronounced was affirmed because the subsequent repeal of the statute freed it from error. In *Keller v. State of Maryland,* 12 Md. 323, the court having affirmed a judgment in ignorance of the repeal of a statute pending the appeal, afterwards, at the same term, on its attention being called to the repeal, struck out the order of affirmance and in its place entered a judgment of reversal. In *Wikel*

*v. Board of Com'rs of Jackson County, supra,* which was a petition for mandamus to compel the county commissioners to build a bridge and levy a tax for that purpose, as required by the act of 1895, which act, pending an appeal from a judgment granting a peremptory writ, was repealed, it was held that the repeal of such act destroyed the subject matter of the action and that the suit should abate.

"The repeal of a statute conferring jurisdiction takes away all right to proceed thereunder unless it is expressly saved, (*Illinois and Michigan Canal v. City of Chicago,* 14 Ill. 334,) and it carries with it all prosecutions pending thereunder, (*Wilson v. Ohio and Mississippi Railway Co.,* 64 Ill. 542,) and except for the purposes of such suits as are begun, prosecuted and concluded while it is an existing law, the statute repealed is as if it never existed. (*Eaton v. Graham,* 11 Ill. 619; *Van Inwagen v. City of Chicago,* 61 id. 31; *Menard County v. Kincaid,* 71 id. 587; *Town of Jefferson v. People,* 87 id. 503; *Holcomb v. Boynton,* 151 id. 294.) In *Van Inwagen v. City of Chicago, supra,* on page 34 it is said: 'The doctrine is, that inchoate rights, derived under a statute, are lost by its repeal, unless saved by express words in the repealing statute, and unless those rights have become so far perfected as to stand independent of the statute, . . . that is to say, executed. . . . The effect of a repealing statute is to obliterate the prior law as completely from the records as if it had never passed, and it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded while it was an existing law.' In *Holcomb v. Boynton, supra,* on page 297, the court say: 'Where a statute is repealed without such saving clause, it must be considered, except as to proceedings passed and closed, as if it had never existed.' " To the same effect are *McNabb v. Board*

*of Trustees,* 103 Ill. App. 156; *Merlo v. Johnston City & Big Muddy Coal & Mining Co.,* 258 Ill. 328; *Wall v. Chesapeake & Ohio R. Co.,* 290 Ill. 227; *Kenfield-Leach Co. v. Industrial Publications,* 320 Ill. 449; *Smolen v. Industrial Commission,* 324 Ill. 32; *DuQuoin Township High School Dist. No. 100 v. Industrial Commission,* 329 Ill. 543.

These authorities conclusively settle the question that where a change in the law affects only the remedy or procedure all rights of action are governed thereby, both in the trial and Appellate Courts, without regard to whether they accrued before or after such change, and without regard to whether suit had been previously instituted or not, unless there is a saving clause as to existing legislation.

The amendment contained no saving clause that excluded pending suits from the effect of its operation. So long as the petitioner had not been incarcerated as a result of a final judgment, he was entitled to the relief afforded by the statute as amended. Even though the motion for Monaco's discharge had not been made in the trial court, this court would be required to take judicial notice of such amendment and direct his discharge. The trial court was bound under the then existing law to sustain Monaco's motion and order his discharge from custody.

Respondents' motion of November 19, 1935, to dismiss this appeal, which was reserved to hearing, is denied. Petitioner's notice of appeal and all steps thereafter taken by him necessary to bring the appeal to this court were in strict conformity to the provisions of the Civil Practice Act and the rules of the Supreme Court and this court as has been heretofore shown.

For the reasons indicated herein the order of the county court denying petitioner's motion for his dis-

charge is reversed and the cause remanded with directions to sustain said motion and order petitioner's discharge from the custody of the sheriff.

*Reversed and remanded with directions.*

FRIEND and SCANLAN, JJ., concur.