Brandtjen & Kluge, Inc., Appellee, v. Norman W. Forgue and Nathan H. Roth, Trading as Forgue & Roth, Appellants.

Gen. No. 40,402.

586

Opinion filed April 24, 1939. Rehearing denied May 8, 1939.

HERBERT M. WETZEL and W. J. EARLY, both of Chicago, for appellants; G. H. SUGRUE, of Chicago, of counsel.

COLLEN & KESSLER, of Chicago, for appellee; JOSEPH L. KADISON, of Chicago, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendants appeal from an order denying their motion to quash an *alias capias ad satisfaciendum* issued in a tort action brought by plaintiff charging defendants with malicious fraud and deceit.

The statement of claim alleged that plaintiff sold and delivered to defendants a printing press for $2,409; that defendants paid a deposit of $51 and delivered to plaintiff their promissory note for the balance of $2,358, payable in instalments with interest; that to secure this note defendants executed and delivered to plaintiff a chattel mortgage conveying the printing press sold and also three other items, namely, a Chandler & Price Craftsman Press, a Kluge Craftsman Feeder, and a motor; that at the time defendants executed and delivered this chattel mortgage to plaintiff they were not the owners of the three items last mentioned; that this was not known to plaintiff and that the mortgage of these three items was maliciously made, with intent to deceive and defraud plaintiff; that subsequently defendants failed to make any payments due on their note; that plaintiff instituted foreclosure proceedings on the chattel mortgage and then ascertained that the last three items above-mentioned were not the property of defendants, hence plaintiff did not and could not obtain possession of them.

Defendants admitted that they were not the owners of the equipment described but assert that the agent of plaintiff was duly informed of this.

The case was tried by the court without a jury and, crediting defendants with the amount received at the foreclosure sale, judgment for plaintiff in the sum of $659.75 was entered; the judgment order also contained the provision "that malice body execution issue."

*Capias* was issued and returned no part satisfied and an *alias capias* was issued and returned no part satisfied, as defendants were not found in the city of Chicago. Subsequently defendants filed their written motion to quash the *capias,* which motion was denied, and defendants appeal from this order.

Defendants assert in this court that the finding of the court is defective and insufficient and that neither the finding nor the judgment shows that malice was the gist of the action, to which plaintiff replies that these points cannot be made on an appeal from a motion denying the petition to quash the writ, citing Freeman on Executions, vol. 1, par. 73a, p. 285, where the author says: "The motion to·quash is, in no sense, a revisory or appellate proceeding directed against the judgment. An irregular or erroneous judgment will, as long as it remains in force, support an execution. Hence an execution will not be vacated because the judgment was erroneous or irregular, nor will such error or irregularity, antecedent to the judgment, be considered by the court on motion to quash the execution." In *Galena & S. W. R. Co. v. Ennor,* 9 Ill. App. 159, 164, which involved an appeal from an order quashing a *capias,* the court held that errors in the finding and judgment, if any, could have been corrected by appeal, but that defendant "is estopped from doing so in a collateral and a summary proceeding." This was followed in *Indian Grave Drainage District v. Root,* 28 Ill. App. 596. To the same effect is *Clary v. Cox,* 1 Ill. 235, which reversed the judgment of the circuit court quashing the execution.

But even if the propriety of the order denying the quashing of the writ were properly before us, we are of the opinion that the finding was sufficient to authorize a judgment that malice was the gist of the action. The statement of claim charged that the conduct of the defendants in giving to plaintiff a chattel mortgage on equipment they did not own free from any liens and incumbrances, was for the purpose of wilfully and maliciously deceiving and defrauding plaintiff, as said representations were untrue and known to defendants to be untrue. The finding of the court was that defendants, naming them, were "guilty as charged in the

statement of claim, $659.74, and costs and malice, body execution to issue."

Section 5, ch. 77, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.155], provides that execution may issue against the body of the defendant on a judgment obtained for a tort committed by such defendant when it appears from a special finding by the court, where the case is tried without a jury, that malice is the gist of the action.

Freeman on Judgments (5th Ed.) vol. 1, sec. 69, pp. 120-122, says in substance that the use of any particular words or form of words is no longer essential, but any words of the same meaning or significance are sufficient, "particularly on a collateral attack." And that even where a form of judgment is prescribed by statute "a substantial compliance with the statute is all that is necessary." The words in the finding and judgment, "and that malice body execution issue" must be given some significance.

Moreover, if there is any ambiguity in the judgment reference may be had to the statement of claim. *In re Petition of Blacklidge,* 359 Ill. 482, 489; *In re Rosenberg v. Ott,* 285 Ill. App. 50, 54; Freeman on Judgments (5th Ed.), vol. 1, sec. 77, p. 134. As we have heretofore stated, the statement of claim charges definitely that the actions of the defendants were wilful and malicious.

Defendants contend the judgment fails to state against whom the body execution shall issue and in whose favor, hence, it is argued, the finding and judgment are void. The finding contains the names of both defendants and likewise the judgment, which recites that plaintiff have judgment on the finding.

Any constitutional questions have been waived by appealing to this court. Such questions can be raised only by direct appeal to the Supreme Court. Chapter

110, par. 199, sec. 75, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.075]; *People v. Terrill,* 362 Ill. 61.

Defendants say that an affidavit and demand upon the defendants to deliver up their estate for the benefit of the creditor are necessary before a *capias* will issue. This is not necessary where the judgment is in tort based on malice. *White v. Youngblood,* 367 Ill. 632; *In re Petition of Blacklidge,* 359 Ill. 482; *In re Petition of Monaco,* 287 Ill. App. 540; *Pappas v. Reabus,* 299 Ill. App. 499.

The sufficiency of the statement of claim may not be raised for the first time in the Appellate Court. Section 42 of the Civil Practice Act, ch. 110, par. 166, Ill. Rev. Stat. 1937, provides: "(3) All defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived." *Vlahos v. Andrews,* 362 Ill. 593; *Carson-Payson Co. v. Peoria Terrazzo Co.,* 288 Ill. App. 583.

We find no error in the denial by the trial court of defendants' motion to quash the *alias capias ad satisfaciendum* and its order is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.